## *In re* Gagan's Will.

*(Surrogate's Court, Orange County, Filed June 8, 1892.)*

1. WITNESS—CODE CIV. PRO. SEC. 829.

    A witness, who is an executor, is not an interested party within meaning of Code Civ. Pro. 829, in proceedings to probate a will.

2. ATTORNEY AS SUBSCRIBING WITNESS—COMPETENCY.

    An attorney who draws, and is a subscribing witness to, a will, may testify as to its preparation and execution under amendment to Code Civ. Pro. sec. 836 of 1892, which was declaratory of the law as it then stood.

3. STATUTE—WHEN NOT UNCONSTITUTIONAL.

    Amendment of 1892 to Code Civ. Pro. sec. 836, enabling an attorney who draws a will and is also a subscribing witness thereto, to testify as to its preparation and execution, is not, although retrospective, unconstitutional, as interfering with vested rights, as the statute under which the right, if any, was claimed was repealed by the amendment.

Probate of will of Henry Gagan, deceased.   Granted.

Howard Thornton, for executors; E. A. Brewster, for contestant; J. L. Strahan, special guardian for an infant contestant.

COLEMAN, S.—The objection to the testimony of the witness Thornton is not well taken.   The testimony is objected to, first, because the witness is named in the will as an executor, and, not having renounced such appointment, is an interested party, within the meaning of section 829 of the Code.   Loder v. Whelpley, 111 N. Y. 239, 18 N. E. Rep. 874, is cited as authority in support of this claim.   That case only decides that an executor who is also a legatee may release his legacy, and then be a competent witness in probate proceedings, although he has not renounced his appointment; following In re Wilson, 103 N. Y. 374, 8 N. E. Rep. 731, which originated in this court.

This testimony is also objected to because it discloses communications made by the deceased to the witness, who was his attorney, in the course of professional employment.   Code Civil Pro. section 835.   In Re Coleman, 111 N. Y. 220, 19 N. E. Rep. 71, it was held that the testator waived, as he might do under section 836, the pledge of secrecy imposed by this statute at the time he requested his lawyer to become a witness to the will.   The legislature, however, afterwards, in 1891, by an amendment to section 836, provided that the waiver must be made on the trial or examination.   This will was executed January 29, 1892, and the testator died February 21, 1892.   The proceedings for the probate of the will were commenced April 14, 1892, and the witness Thornton was examined therein May 26, 1892.   The legislature, by another amendment to section 836, which took effect May 12, 1892, provided that "nothing herein contained shall be construed to disqualify an attorney, on the probate of a will heretofore executed, * * * from becoming a witness as to its preparation and execution, in case such attorney is one of the subscribing witnesses."   So that the admission of the testimony of this witness was by legislative

sanction, and also, properly, independently of the statute, for I think the statute was declaratory of the law as it then stood. I am not aware that it had been so declared in the higher courts, but in this court it has been held, since the amendment of 1891, that the testator, by asking his attorney to become a witness to his will, not only waived the pledge of secrecy imposed by the statute, but thereby removed and dissolved the confidential relation of attorney and client existing between them, so far as the execution of the will was concerned. This view of the law is a fair conclusion to be drawn from the argument of the court in *Re* Coleman, *supra,* notwithstanding the statement there made that, except for the waiving having been made, the testimony would not have been admissible. See, also, Rosseau v. Bleau, 131 N. Y. 177, 183, 30 N. E. Rep. 52. If this is a correct view of the law, then it is not important whether the amendment of 1892 is unconstitutional, as urged on behalf of the contestants, because of interfering with vested rights. However, I am of the opinion that this amendment is not open to this objection. This doctrine does not apply to remedial statutes; which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights. 1 Kent Comm. 455; Potter's Dwar. St. p. 167. The right, if any, of the contestants to object to the testimony under consideration depends upon a statute, and such right was lost by the passage of the amendment, which amounted to a repeal of the statute under which they claim the right. Miller's Case, 1 W. Bl. 451; Rex v. Justices of the Peace, 3 Burr. 1456; Muggs v. Hunt, 4 Bing. 212, 12 Moore, 357.

Will admitted to probate.