### In re CUTTER'S ESTATE.

(Surrogate's Court, New York County. July 23, 1914.)

WILLS (§ 220*)—PROBATE—PERSONS WHO MAY ANSWER OR OPPOSE.

　　Under Code Civ. Proc. § 2617, providing that any person named as devisee or legatee in a will propounded, or who is otherwise interested in sustaining or defeating it, may oppose the application for probate, one not an heir at law or next of kin of the deceased, and whose only interest was by reason of a clause of the will giving the descendants of a certain person, of whom he was one, a legacy of $5,000 each, and who on successfully contesting the will would receive no part of the property which would be distributed under the statute of distributions, had no interest that was threatened, and hence no standing to object to the probate of the will.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 532–537; Dec. Dig. § 220.*]

Application to strike out the answer filed by James H. Montgomery to the petition for probate of the will of Amelia G. Cutter deceased. Application granted.

Miller, King, Lane & Trafford, of New York City (Perry D. Trafford, and Olin Potter Geer, both of New York City, of counsel), for petitioners.

O'Brien, Malevinsky & Driscoll, of New York City, for contestant Montgomery.

Woodford, Bovee & Butcher, of New York City, for respondents Flagg and others.

De Groot, Kenyon & Huber, of Brooklyn, for respondent Bulkley.

· Satterlee, Canfield & Stone, of New York City, for respondents Patten and others.

Merle I. St. John, of New York City, for respondents Lent and others.

John McG. Goodale, of New York City, special guardian for Mills.

A. Perry Osborn, of New York City, special guardian.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOWLER, S. This is a motion to strike out the answer filed to the petition for the probate of the alleged will of the deceased by James H. Montgomery, a legatee named in the will, upon the ground that he is not a person within the meaning of section 2617, C. C. P., who would be entitled to appear and file such answer. James H. Montgomery is not an heir at law or next of kin of the deceased. The only interest he has in the estate is by reason of the eleventh paragraph of the will, wherein the descendants of Annie F. Cutter are given each the sum of $5,000; he, being one of the descendants of Annie F. Cutter, is entitled to a $5,000 legacy. In the event that he should be successful in contesting the will of the deceased, he would receive no part of her property, which would be distributed under the statute of distribution, and it has been held that a person entitled to intervene under section 2617, C. C. P., in the matter of the probate of a will must have an interest to protect, one that is threatened. In this case any interest of Mr. Montgomery is protected, and it is only by his success in the contest that he would become a loser. He has no standing to object to the probate of the will. Matter of Hoyt, 55 Misc. Rep. 159, 106 N. Y. Supp. 359; affirmed 122 App. Div. 914, 107 N. Y. Supp. 1130, no opinion; affirmed 192 N. Y. 538, 84 N. E. 1114.

Application to strike out the answer is granted.