widow of a son or the husband of a daughter, * * * such transfer * * * shall not be taxable under this article; if real or personal property, or any beneficial interest therein, so transferred is of the value of more than five hundred dollars, it shall be taxable under this article at the rate of one per centum upon the clear market value of such property."

There is no provision in either section 220 or section 221 for any deduction of $100 in cases of collaterals or $500 in the case of direct heirs, where the property passing exceeds these sums, as is contended by the attorney for the estate. The law differs materially in that respect from the law of 1911. If under the 1910 law the property transferred to collaterals amounted to less than $100, or the property transferred to direct heirs amounted to less than $500, neither transfer would be taxable; but where the property transferred exceeds these sums in the respective classes the entire amount transferred is subject to a tax.

Clearly the Legislature did not intend that the amendatory act of 1911 should be retroactive in respect to rates, and the tax was properly imposed pursuant to the provisions of the 1910 amendment. There should be no exemption of $500 allowed on the share of Margaret Murphy, sister, and no exemption of $100 on the shares of the nieces and nephew.

The order fixing and assessing the tax was properly made and should be affirmed.

Order affirmed.

---

(89 Misc. Rep. 25)

### In re NELSON'S WILL.

(Surrogate's Court, Westchester County. January, 1915.)

WILLS ⬤⟿220—PROBATE—RIGHT TO FILE OBJECTIONS.

    A person who, though a legatee under a will, is neither an heir at law or next of kin of testatrix, nor makes claim under any other will or codicil of the decedent, has no right, under Code Civ. Proc. § 2617, relative to the right to object, to file objections to the probate of her will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 532-537; Dec. Dig. ⬤⟿220.]

In the matter of the probate of the last will and testament of Arrominta M. Nelson, as a will of real and personal property. Motion to dismiss objections filed to the probate granted.

Geller, Rolston & Horan, of New York City, for proponent.

Hedges, Ely & Frankel, of New York City, for Henry Merritt, legatee.

Frank L. Young, of Ossining, for legatee.

Strang & Taylor, of White Plains, for contestant.

SAWYER, S. This is a motion to dismiss objections filed by Stella Sherwood, a legatee, to the probate of the will of decedent, Arrominta M. Nelson. The facts, as conceded by all parties, are as follows:

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

By the will offered for probate, Stella Sherwood, the objectant, is bequeathed the sum of $100. She has no other interest under the will. She is not an heir at law or next of kin of the decedent, nor does she claim that she is entitled to take as a devisee or legatee under any other will or codicil of the said decedent.

Section 2617 of the Code of Civil Procedure, as enacted September 1, 1914, provides for three classes of possible contestants in a probate case, who may file objections:

"First. Any person interested in the event, as devisee, legatee or otherwise, in a will or codicil offered for probate.

"Second. Or interested as heir at law, or next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate.

"Third. Or is interested as devisee, legatee, executor, testamentary trustee, or guardian in any other will or codicil, alleged to have been made by the same testator and not duly revoked by him."

It is under the first subdivision of section 2617 of the Code that the contestant claims that she has the right to file her objections to the probate of the will.

The attorney for the contestant concedes that under the provisions of the Code of Civil Procedure, as it existed prior to the amendment of September 1, 1914, his client would not be authorized to file her objections in opposition to the probate of the will now offered. The old section 2617 reads as follows:

"Any person, although not cited, who is named as a devisee or legatee in the will propounded, * * * or who is otherwise interested in sustaining or defeating the will, may appear, and, at his election, support or oppose the application."

As the provision of the old Code is somewhat similar to the provision of the new Code, the decisions under the old Code should be considered in construing the section under the new Code. At first glance it would seem that under the new section there were three distinct classes who might file objections to the probate of a will. This would be so, if possibly the first class were not included in the other two classes.

If the first clause of the new section omitted the words "interested in the event," then from a literal interpretation of the section I should be compelled to decide that any devisee or legatee could file objections. But, in construing any portion of a section, we must read the whole section together, and the words "interested in the event" show conclusively to my mind that there must be a pecuniary and not a sentimental interest to protect.

In construing the old section, in Matter of Davis, 182 N. Y. 468, 75 N. E. 530, the court, in interpreting the words "who is otherwise interested in defeating or sustaining the will," said at page 472 of 182 N. Y., at page 531 of 75 N. E.:

"The statute, in authorizing a person 'who is otherwise interested in sustaining or defeating the will' to appear at his election to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting

on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient; but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject."

The old section was further construed in the Matter of Hoyt. 55 Misc. Rep. 159, 106 N. Y. Supp. 359. The person there who wished to contest the will was given a legacy of $15,000. Under a prior will the same person was given a legacy of only $10,000. The court, at page 161 of 55 Misc. Rep., at page 360 of 106 N. Y. Supp., said:

"It cannot be conceived that this section (2617) was enacted, except for the express purpose of permitting one to intervene to secure a benefit or to protect a threatened right, certainly not for the purpose of changing the status quo of the estate by decreasing an interest therein to the extent of $5,000. * * * It is obvious that the person who would have a right to intervene under this section must have an interest to protect—one that is threatened. Here the interest of Mr. Hoyt is protected, and it is only by his successful intervention that he would become a loser."

There are numerous other authorities to the same effect, and it seems to me, after a careful comparison of the old section with the new, that the words in the old section, "or who is otherwise interested in sustaining or defeating the will," are now embodied in the words, "any person interested in the event," in the new section. If it had been the intention of the Legislature to allow any legatee or devisee to file objections to the probate of a will, they most certainly would have excluded the words "interested in the event."

This court is concerned only in hearing and determining the rights of those who claim to have an interest in property, where there has been a violation of some right. The objectant is not obliged to accept the legacy bequeathed to her by the will. As has been stated by counsel for the proponent, she can by her own act rid herself of all her right, if any, to the said legacy by merely renouncing the same. There is no possible reason why she should demand the intervention of this court.

"It would clearly be an absurdity for the Legislature to permit a person to litigate a question in which he could have no possible interest in the result, and it would be an injustice to persons having an interest to be compelled to defend an action against such a plaintiff." Miller v. Maujer, 82 App. Div. 419, 81 N. Y. Supp. 575.

The statute asked to be construed is a new one, and there is some doubt as to whether or not the first class is included in the second and third. In the construction of all statutes a reasonable construction should be adopted, where there is any doubt or uncertainty in regard to the intention of the lawmakers. After a careful consideration of the question presented, I am of the opinion that the objections should be dismissed.

Motion granted.