## Matter of the Estate of MARY I. HART, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Wills — application to vacate probate denied — who entitled to file objections — Code of Civil Procedure, § 2617.

Where the husband, of testatrix whose only surviving next of kin was a sister, died about a month after executing a waiver of citation to attend the probate of his wife's will, and his will was denied probate, an application by a nephew of the husband, who was not a legatee under the will of testatrix, to vacate the decree of probate thereof and for leave to file objections, will be denied.

A contention that said nephew was entitled to file objections to the will of testatrix, because he would have a right to a distributive share of that part of her estate which would go to her husband if her will were denied probate, held untenable on the ground that the persons entitled to file objections were those who at the time the will of testatrix was offered for probate were interested in the event within the meaning of section 2617 of the Code of Civil Procedure.

APPLICATION to vacate decree admitting will to probate.

Claude L. Coon, for petitioner.

Jacob Kirschenbaum (Herman Kahn, of counsel), for executrices.

COHALAN, S. This is an application to vacate the decree admitting the will of the testatrix to probate and to permit the petitioner to file objections and con- test its probate.

The decedent died on the 8th of January, 1918. Her will, which was executed on the 19th of May, 1917, was admitted to probate by this court on the 9th of March, 1918. She was survived by her husband, Owen Hart, and her sister, Eliza I. Jonas, as her only next of kin. A paper purporting to be a waiver of citation and to have been executed by Owen Hart on the 19th of January, 1918, was filed in the proceeding brought to probate the will of the testatrix. Owen Hart died on the 12th of February, 1918. The person who was named as executrix in the will of the decedent was also named as executrix in the will of Owen Hart. His will was denied probate by this court. The petitioner is the nephew of Owen Hart and one of his next of kin. He contends that Owen Hart at the time he executed the waiver of citation in the proceeding to pro-

bate the will of the testatrix was not of sound mind and did not know the nature of his act.

The petitioner is not a next of kin of the testatrix, and is not a legatee mentioned in the will of the testatrix which was admitted to probate by this court, or any other will executed by her. The only persons who had a right to file objections to the probate of the will of the testatrix were her husband, Owen Hart, and her sister. The objections filed by her sister were withdrawn. Owen Hart did not file objections, and it does not appear from the papers in this proceeding that the petitioner is the administrator of his estate.

The petitioner, however, contends that he is an interested party within the meaning of section 2617 of the Code and entitled to file objections because he would have a right to a distributive share of that part of decedent's estate which would go to Owen Hart under the Intestate Law if her will were denied probate. This contention is untenable for the reason that the persons entitled to file objections were those who, at the time the will of the testatrix was offered for probate, were interested in the event within the meaning of section 2617 of the Code. The petitioner was neither a legatee mentioned in any will of the testatrix nor one of her next of kin, and therefore was not entitled to file objections. His interest arose subsequently because of the death of Owen Hart intestate. If the will of Owen Hart had not been denied probate by this court, the petitioner would have had no interest, directly or indirectly, in the estate of the testatrix. Even now his interest is not in the estate of the testatrix, but in the estate of Owen Hart. The interest which under the Code entitles a person to file objections to the probate of a will is a substantial property interest existing at the time the will is offered for

probate. *Matter of Davis,* 182 N. Y. 468. The peti-
tioner had no such interest at the time the will of the
testatrix herein was offered for probate, and his appli-
cation to vacate the decree of probate and for leave to
file objections to the probate of the will of the testatrix
must therefore be denied.

Application denied.