In the Matter of the Petition of SYLVESTER T. ENNIS to Prove the Last Will and Testament of JOHN O'KEEFE, Deceased.

Surrogate's Court, Kings County, December 16, 1929.

*Francis E. Carberry*, for the petitioner.

*Roy P. Monahan*, for the contestant, Mary Donovan.

*Murphy & McClelland*, for Thomas M. Hyatt.

WINGATE, S.   John O'Keefe died on October 27, 1928, a resident of Kings county.   A certain instrument dated October 25, 1928, has been presented for probate.   This document is written on a blank form and purports to give three legacies to named individuals and also disposes of the residue of testator's estate.   One of the legacies reads as follows:   " 2nd. I give unto Mrs. Donovan of 513 Court Street the sum of $50.00."

This will purports to have been signed by testator at the end, and further appears to have been witnessed by John Klein and Albert J. Ott.   The citation upon the probate was served upon the legatees named, as well as upon the heirs at law and next of kin of decedent, and a notice of appearance has been filed on behalf of Mary Donovan, who is not an heir at law or next of kin.   Her only interest in the subject-matter arises by reason of her inclusion as legatee.   She has applied for an order directing the subscribing witnesses to the will to appear for oral examination " pursuant to section 141 of the Surrogate's Court Act," and the propriety of such a direction is the subject-matter of this determination.

In so far as here material, section 141 reads as follows: " Any

party to the proceeding, before filing objections to the probate of said will, may request the oral examination of the subscribing witnesses thereto and may examine such witnesses and any other witness produced by the proponent before the surrogate, without first filing objections to the probate of such will."

It appears from the affidavit upon which this application is based that it is sought " for the purpose of filing objections to the probate of the will * * *." It, therefore, becomes a matter of pertinent inquiry as to whether this legatee, who is neither an heir at law or next of kin, is a person by whom objections might be filed. This question is regulated by section 147 of the Surrogate's Court Act, which reads as follows: " Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; or interested as heir-at-law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate; or is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate. * * *."

This provision is a re-enactment, without change, of section 2617 of the Code of Civil Procedure, as added by chapter 443 of the Laws of 1914.

The previous enactment on the subject was section 2617 of the Code of Civil Procedure, contained in chapter 178 of the Laws of 1880. This section was amended by chapter 118 of the Laws of 1894, but the portion here pertinent was not affected by such amendment. It reads as follows: " Any person, although not cited, who is named as a devisee or legatee, in the will propounded, or as executor, trustee, devisee or legatee, in any other paper purporting to be a will of the decedent, or who is otherwise interested in sustaining or defeating the will, may appear, and, at his election, support or oppose the application * * *."

It will be observed that these enactments are of substantially similar tenor. During the period of almost fifty years during which they have been in effect, the courts have voiced interpretative opinions in six cases which throw light on the instant contention.

In *Matter of Davis* (182 N. Y. 468) the Court of Appeals, in construing the old Code provision, says (at p. 472): " The statute in authorizing a person ' who is otherwise interested in sustaining or defeating the will ' to appear and at his election to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting on sentiment or sympathy, or any

basis other than the gain or loss of money or its equivalent, is not sufficient."

*Matter of Hoyt* (55 Misc. 159; affd., 122 App. Div. 914; affd., 192 N. Y. 538) presented facts similar to those of the instant application, where a legatee who was not an heir at law or next of kin, and who would lose $5,000 by the will being denied probate, sought leave to intervene for purposes of objection. The court, in denying the application, says (at p. 161):

" It cannot be conceived that this section [2617] was enacted, except for the express purpose of permitting one to intervene to secure a benefit or to protect a threatened right, certainly not for the purpose of changing the *status quo* of the estate by decreasing an interest therein to the extent of $5,000. * * * " It is obvious that the person who would have a right to intervene under this section must have an interest to protect — one that is threatened. Here the interest of Mr. Hoyt is protected, and it is only by his successful intervention that he would become a loser."

The same reasoning led to the granting of a motion to strike out an answer to a petition for probate by a legatee who was not an heir at law or next of kin. (*Matter of Cutter*, 148 N. Y. Supp. 920, 921.)

Since the enactment of the section in its present form, the question has been thrice raised in reported cases with like result.

In *Matter of Nelson* (89 Misc. 25) the court, in dismissing objections filed by a person whose only interest was that of legatee, said (at p. 29):

" This court is concerned only in hearing and determining the rights of those who claim to have an interest in property where there has been a violation of some right.

" The objectant is not obliged to accept the legacy bequeathed to her by the will. * * * she can by her own act rid herself of all her right, if any, to the said legacy by merely renouncing the same. There is no possible reason why she should demand the intervention of this court."

Similar applications of the rule may be found in *Matter of Hart* (105 Misc. 290, 292) and *Matter of Hagen* (119 id. 770).

As a result of the principles of law here reviewed, it is obvious that Mrs. Donovan is not a " person interested in the event " so as to permit her to interpose objections to the probate of the will, within the provisions of section 147 of the Surrogate's Court Act. *A fortiori* she may not be permitted to examine the subscribing witnesses under section 141 for the purpose of framing objections which she would not be permitted to interpose. The motion is, therefore, denied.

Enter order, on notice, accordingly.