In the Matter of the Estate of PATRICK W. BEHAN, Deceased.

Surrogate's Court, Kings County, May 4, 1936.

*William S. Butler,* for the contestant Louise E. B. Behan, beneficiary named in will.

*Daniel A. Shirk,* for the contestant Mabel Mason Behan, daughter-in-law, executrix.

*Larkin, Rathbone & Perry,* for the proponent Frances M. Behan.

WINGATE, S. A novel question of some interest is involved in this motion, which, *inter alia,* seeks to strike out objections to probate.

The decedent executed a purported will on November 11, 1930, by the terms of which he devised and bequeathed his entire property, real and personal, to three named daughters, and appointed one of their number and a daughter-in-law executrices. This has been

presented for probate.  Another instrument has also been submitted, purporting to have been executed on January 5, 1933, the terms of which devise ·a specified parcel of realty to the executrix daughter.

Objections to the probate of this second document as a codicil have been interposed both' by one of the beneficiaries named in the will and by the daughter-in-law executrix, who is concededly not a statutory distributee, or a legatee or devisee under any known instrument.  The latter has also given notice for an examination before trial.

It is the contention of the moving parties that the daughter-in-law executrix is not within the description of section 147 of the Surrogate's Court Act as a person " interested in the event as devisee, legatee or otherwise," and that, in consequence, her objections should be deleted from the record under the authority of such cases as *Matter of Davis* (182 N. Y. 468, 472); *Matter of Hoyt* (55 Misc. 159, 160; affd., 122 App. Div. 914; affd., 192 N. Y. 538) and *Matter of O' Keefe* (135 Misc. 394, 396).

The respondent, while admitting that she is not a legatee or devisee, contends that she is " otherwise " " interested in the event " by reason of the fact that if the codicil be admitted to probate she will suffer a diminution in the amount of her executorial commissions by reason of the fact that the codicil purports to make a specific gift of certain assets of the estate upon which commissions will not be payable.  (Surr. Ct. Act, § 285; *Matter of Anable*, 139 Misc. 914, 916; *Matter of Bates*, 152 id. 627, 630, and authorities cited.)

The concrete question present is, therefore, whether the affecting of a potential right to commissions is such an " interest " in the event of probate as to warrant an attempt to destroy the ·purported testamentary instrument.

In the opinion of the court this query must be answered in the negative.  The commissions allowed are, by the terms of the statute, merely a remuneration " for  *  *  *  services in such official capacity " and are in no sense a gift of any portion of an estate.  The naming as an executor does not create any charge on the assets to be administered.  It is only after services have been performed that any claim arises in this regard, and the right is the result of the rendition of the service, the reasonable amount of the remuneration for which has been fixed by statute.  Whereas in days of unemployment an opportunity to work at the prevailing standard of compensation may at times be deemed a desirable privilege, it is not reasonably construable as creating such an interest in the event of probate as is within the contemplation of section 147.

A contrary ruling would be in conflict with the uniform tenor of decisions which have determined that a testamentary fiduciary has no such interest in the event, by reason of a prospective potential right to commissions, as to render him an incompetent witness under section 347 of the Civil Practice Act. (*Matter of Folts*, 71 Hun, 492, 502; *Matter of Gagan*, 20 N. Y. Supp. 426; affd., 66 Hun, 632; *Reeve* v. *Crosby*, 3 Redf. 74, 78. See, also, *Matter of Berardini*, 238 App. Div. 433, 436; affd., 263 N. Y. 627; *Rugg* v. *Rugg*, 21 Hun, 383, 384; affd., 83 N. Y. 592.)

The court concludes, therefore, that the daughter-in-law executrix is not within the description of the persons who are given a right to contest a probate under section 147 of the Surrogate's Court Act and that the motion to strike out the objections heretofore filed by her must be granted.

Since she has no status to contest the will, it follows that she may take none of the steps which are authorized by law as auxiliary aids thereto, and that the notice for examination heretofore served by her must be vacated. (*Matter of O' Keefe*, 135 Misc. 394, 396.)

The motion for a particularization of the objections interposed by the other contestant will also be granted. (*Matter of Mullin*, 143 Misc. 256.) She will be directed to furnish the particulars as demanded or, in default of knowledge as to any of the matters specified, to state under oath her lack of knowledge in such regard.

Enter order on notice in conformity herewith.