In the Matter of the Estate of FRANK LIEBERMAN, Deceased.

Surrogate's Court, New York County, November 25, 1939.

*Nathan Dambroff*, for the administrators.

*William J. Sexton*, special guardian for infants.

*Frederick W. McGowan*, for the National Surety Corporation.

DELEHANTY, S. Deceased was survived by a widow and nine grandchildren. All his children had predeceased him. One of these left two issue, another three and another four. The administrators in their account propose to distribute to the grandchildren *per stirpes*. This plan of course would operate to the advantage of the two grandchildren who are issue of one child of deceased and would operate to the disadvantage of the four grandchildren who are issue of a different child of deceased. The special guardian opposes the proposed plan and seeks direction that the distribution to the grandchildren be made on a *per capita* basis. The controversy requires consideration of subdivisions 1, 8 and 9 of section 83 of Decedent Estate Law and also consideration of section 47-c of Decedent Estate Law.

Section 47-c of Decedent Estate Law became effective some months before the death of deceased. It declares that when used in a statute the term " distributees " is to be construed to mean the distributees including " a surviving spouse " ·defined in section 83 of Decedent Estate Law. Following that direction the administrators argue that the provisions of subdivisions 8 and 9 of this section must be read as referring to the widow of this deceased as one of his distributees. They refer also to the final clause of subdivision 1 of the section to support the stirpital distribution because (they say) the grandchildren legally represent the deceased children of the intestate. Since the widow of a deceased can never be " in equal degree to the deceased " when grandchildren are the other distributees the argument is that subdivision 8 of section 83 of Decedent Estate Law cannot apply and that either subdivision 1 or subdivision 9 does apply.

If the position taken by the administrators is to be accepted as sound the court must say that for a decade the legal profession, the fiduciaries of estates and the courts which supervise estate adminis-

trations have adopted an erroneous plan of distribution in situations such as are here present. In view of the care with which the Commission to Investigate Defects in the Law of Estates prepared its program of legislation in 1928 and pushed it through to enactment in 1929 the court will not say that it overlooked completely a fundamental change in the distribution to direct descendants from the plan operative before the legislation became effective. Reference to the report of this Commission, which is Legislative Document, No. 70 of 1928, and reference to the legislation actually enacted in 1929 and to the notes appended to the respective sections included in chapter 229 of the Laws of 1929, establishes that the Commission adequately covered the point and continued the former method of distribution to descendants. The proposed legislation which accompanied the report to the Legislature in 1928 suggested the enactment of the new subdivisions 8 and 9 of section 83 of Decedent Estate Law in form which continued the express reference to descendants in each of the subdivisions which had been contained in subdivisions 10 and 11 of the former section 98 of Decedent Estate Law from which most of the text of the new section 83 of Decedent Estate Law was taken. With this program of legislation the Commission also suggested a new section 81 of Decedent Estate Law which abolished the canons of descent and the distinctions between heirs and next of kin and which also made uniform the distribution of real and personal property. When the legislation was actually enacted in 1929 the text as originally proposed for the new subdivisions 8 and 9 of section 83 was changed by dropping out the express reference to descendants in each instance but the change was also accompanied by the insertion of a new sentence in the new section 81. This new sentence said: " The determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules as applied immediately before the taking effect of this section to the determination of the next of kin of an intestate leaving personal property." This sentence operated to continue the rights of descendants just as they had been stated in the respective subdivisions of the former section 98 of Decedent Estate Law. In the Commission's note to subdivision 1 of the new section 83 it expressly provided thus: " The words ' such as legally represent them ' and ' representatives ' are intended to be construed as such words in present section 98 have heretofore been construed." (N. Y. Legis. Doc. [1930] No. 69, p. 196.) In wholly adequate terms, therefore, the legislation preserved the theretofore existent rights of descendants. Under the old section the grandchildren of this deceased would share *per capita*. Grandchildren do not represent children except when one

at least of the children of an intestate is living at the time of the latter's death. Where there is at least one child and one or more grandchildren who are issue of other than the surviving child there exist the unequal degrees of kindred which establish a representation of their parents by grandchildren who are issue of deceased children. But when grandchildren are the nearest of blood kindred they take in their own right and not as representing any one.

The status of a widow as distributee is *sui generis*. The whole body of the 1929 legislation must be so construed. She is to be regarded as a distributee of course. But in the ascertainment of degrees of kinship she is to be excluded. The text of the existing subdivisions 8 and 9 of section 83 operates only in respect of blood kindred and not in respect of a surviving spouse. In the ordinary case a surviving spouse is not of blood kindred with a deceased. In the circumstances where there is blood relationship as well as the relationship of spouse it is only in the latter character that the spouse may take.

Accordingly the court upholds the position of the special guardian and rules that all of the grandchildren of deceased are equal participants in the share passing to his descendants. That share is two-thirds of the distributable balance in the estate. Submit, on notice, decree directing distribution accordingly.