In the Matter of the Estate of ELIZABETH W. SCHMITT, Deceased.*

Surrogate's Court, Westchester County, October 25, 1940.

*Benjamin Greenspan* [*Nathan Kogan* of counsel], for the executors.

*Milton Popper*, for the objectant.

MILLARD, S. This is an application by the widow of a deceased son of this testatrix for leave to intervene in this probate proceed-

---

* See, also, *Matter of Blazej* (175 Misc. 283).

ing, both individually and as administratrix of her husband's estate, and for leave to file objections. Testatrix died on September 5, 1940. She was survived by a daughter, whom she named as executor and trustee in her will, and also by two grandchildren, the issue of the deceased son who was the husband of this petitioner. The will, which was executed on November 16, 1937, subsequent to the death of the son, makes no provision for his benefit.

Petitioner contends that by virtue of section 47-c of the Decedent Estate Law, she is a necessary party to the probate proceeding and is thus entitled to file objections and contest the validity of the will of this testatrix. When the application came on to be heard for the first time, the court was inclined to believe that there was some merit to this contention. Upon a more careful consideration of the applicable statutes and authorities, however, I am satisfied that the application should be denied.

The right to contest the validity of a will is confined to those persons who would profit by its rejection. (*Matter of O'Keefe*, 135 Misc. 394, 395.) The true test here is who would take in the event of intestacy. The status of such persons must be determined in accordance with section 83 of the Decedent Estate Law, as amended and in effect at the time of the death of this testatrix. Subdivision 5 of section 83 provides as follows:

" 5. If there be no surviving spouse, the whole thereof shall descend and be distributed equally to and among the children, and such as legally represent them."

The phrase " legally represent " when applied to those persons who would represent deceased children as contained in subdivisions 1, 2 and 4 of the former section 98 of the Decedent Estate Law, has been construed to mean " lineal representatives of the children." (*Greenwood* v. *Holbrook*, 111 N. Y. 465, 471; *Matter of Ackerman*, 137 Misc. 910, 916.) Section 47-c of the Decedent Estate Law provides: " * * * the terms ' heirs,' ' heirs at law,' ' next of kin ' and ' distributees ' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law." It thus appears that by the very language of this statutory provision, one is referred to the Statute of Distribution as contained in section 83 of the Decedent Estate Law. Section 47-c of the Decedent Estate Law makes no reference to such terms as " such as legally represent them or legal representatives." While lineal descendants and statutory distributees may be the same people, the right, under subdivision 5 of section 83, is acquired only because of representation. It is acquired not because a person is a distributee or heir at law of a deceased person

but because he or she stands in the place of the deceased person and represents him as a blood descendant. Petitioner relies in great measure upon the authority of *Matter of Koch* (282 N. Y. 462). That case has no application to the one at bar. There the court simply held that the term " his or her heirs " contained in a will included the spouse of a deceased son by virtue of section 47-c of the Decedent Estate Law. Had the court been considering the question as to whether or not such a spouse had an intestate right in the same estate, the conclusion reached would undoubtedly have been different. In *Matter of Lieberman* (172 Misc. 1085, 1088) the learned surrogate, in referring to section 47-c of the Decedent Estate Law, stated: " The status of a widow as distributee is *sui generis*. The whole body of the 1929 legislation must be so construed. She is to be regarded as a distributee of course. But in the ascertainment of degrees of kinship she is to be excluded. The text of the existing subdivisions 8 and 9 of section 83 operates only in respect of blood kindred and not in respect of a surviving spouse. In the ordinary case a surviving spouse is not of blood kindred with a deceased." So also is it quite apparent that the Legislature did not intend to include a surviving spouse within the meaning of subdivision 5 of section 83 of the Decedent Estate Law.

For the reasons stated, petitioner's application to intervene is denied, and her objections to the will of this testatrix dismissed.

Settle order accordingly.