In the Matter of the Estate of MICHAEL BRUMER, Deceased. DANIEL P. ORLAN, Appellant; MILDRED C. KINNANE, Respondent.

Second Department, August 6, 1979

## APPEARANCES OF COUNSEL

*James S. Priolo* for appellant.

*George J. Robertazzi* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The proponent of the decedent's will moved to dismiss the objection to probate filed by Mildred Kinnane, a legatee under the will, but not a distributee of the decedent. The Surrogate denied the motion. We affirm.

The proponent of the will offered for probate, who is also an attorney, its draftman, and the sole named executor, seeks dismissal of an objection to so much of the will as named him the executor. The objectant who was a close friend of the decedent for 25 years but was unrelated by blood, is a legatee under the will. The proponent's motion to dismiss the objection is based upon the contention that since the legatee, who was bequeathed one third of the decedent's estate, would receive nothing were the will denied probate, she had no pecuniary interest in denial and, therefore, no standing to raise objection (see *Matter of Turner,* 86 Misc 2d 132). The objectant responded that her interest adverse to probate existed solely with respect to so much of the will as named the proponent its sole executor. While we do not pass upon the merits of the objection, we note that it is grounded upon the allegation that the proponent inserted his name alone as executor, contrary to the allegedly declared intention of the decedent that the objectant be the executrix with the proponent serving as coexecutor to assist her in her duties and responsibilities.

Our concern upon this appeal is whether the objectant has satisfied the requirements for standing to file objections to the entirety or to part of a will. Under SCPA 1410, objection may be filed "to the probate of the will or of any portion thereof", but the objectant must have an interest in property or in the

estate, which interest would be adversely affected by admission of the will to probate. The interest involved has been defined as a pecuniary interest in *Matter of Turner (supra)* and in *Matter of Haddock* (22 Misc 2d 694, interpreting Surrogate's Ct Act, § 147, the predecessor to SCPA 1410). The prospective adverse effect which must be shown has been defined as a prejudice to the objectant's interest *(Matter of Haddock, supra)*. From the nature of the objection asserted here, it is clear that the objectant's position has a basis in SCPA 709, which provides that any person interested in a decedent's estate may file objections to the grant of letters upon stating his or her interest and legal objections thereto. SCPA 103 (subd 36) defines a "person interested" as a person entitled absolutely or contingently to share in the estate. The instant objectant seeks nothing more than denial of probate to the provision which names the proponent as executor; in substance, she seeks denial of issuance of letters to him. Although the Surrogate noted that he found no case dealing with the precise objection sought to be asserted here, we agree with him that a liberal construction of the objection is required (see *Matter of Scheu,* 29 AD2d 626). We conclude, as the Surrogate did, that the objectant, as a legatee, has a sufficient interest in the qualifications of the executor named to manage the assets of the estate to object to his appointment.

COHALAN, J. (concurring in part and dissenting in part). I concur as to the dismissal of the appeals from the decisions, but otherwise dissent and vote to reverse the order and grant the motion to dismiss the objection.

The narrow issue presented on this appeal is: Does a nondistributee legatee have standing to file objections to the probate of a will or of any portion thereof?

Michael Brumer, the testator, by his last will and testament, disposed of his estate, both real and personal, by devising and bequeathing two thirds of it to his son, Marshall J. Brumer, and one third to a friend, Mildred C. Kinnane (Kinnane). The latter is the nondistributee objectant. The gross value of the estate is approximately $300,000.

Paragraph Eighth of the will reads: "I hereby nominate, constitute and appoint my attorney DANIEL P. ORLAN * * * as Executor and Trustee* of this, my Last Will and Testament."

---

* At the time of testator's death there was no trust to administer.

Kinnane filed an objection, not to the probate of the will itself, but to the paragraph "Eighth". Her objection reads:

"1. That paragraph 'Eighth' of said will, purporting to appoint the said DANIEL P. ORLAN as sole executor and trustee of said will, was inserted in said will by mistake of the draftsman thereof, contrary to the instructions of the testator and without his knowledge during his lifetime.

"2. That by reason thereof, said clause forms no part of the will of the decedent, MICHAEL BRUMER."

Orlan, as the named executor, moved to dismiss the objection.

The Surrogate admitted the will to probate and appointed Orlan as preliminary executor, but refused to name him as full executor or to dismiss the objection. This appeal resulted.

In passing, it should be noted that Marshall J. Brumer, the son, did not file any objection whatsoever to the probate of the will.

Kinnane, as a legatee, contended that as such she had standing to file an objection. She based her contention on SCPA 103 (subd 36), wherein "Person interested" is defined as: "Any person entitled either absolutely or contingently to share as beneficiary in the estate."

In addition, Kinnane claimed she had standing under SCPA 709—"Objection to grant of letters"—which reads: "Any person interested, before the letters are granted to a fiduciary, may file objections showing his interest in the estate and stating one or more legal objections to granting the letters to one or more of the persons about to receive them. When such objections are filed the court may stay the granting of letters to the person against whom the objection is made until the matter is determined."

On the basis of these two sections of the SCPA, it would appear that Kinnane, as a "person interested", has standing to object. However, we must go further and delve into SCPA 1410. That section reads, in pertinent part:

"Who may file objections to probate of an alleged will.

"Any person whose interest * * * in the estate of the testator would be *adversely affected* by the admission of the will to probate may file objections to the probate of the will or of any portion thereof" (emphasis supplied).

A reading of this section raises the question: How is or would Kinnane be "adversely affected" if Orlan is named executor? She would still receive her one third of the net

estate. Short of peculation Orlan cannot harm her financially in any way. And, as we know, every move an executor makes is subject to the scrutiny of the court. Further, once the assets have been marshaled and estate taxes and administration expenses provided for, Kinnane would be permitted, upon application, to receive advances on her legacy, as would Marshall Brumer. Thus, as I view it, SCPA 103 (subd 36) and 709 bear no relationship to section 1410 in this proceeding.

The predecessor statute to SCPA 1410 was section 147 of the Surrogate's Court Act. As pertinent, it read:

"Who may file objections to the probate of an alleged will; jury trial.

"Any person interested in the event as * * * legatee * * * in a will or codicil offered for probate * * * may file objections to any will or codicil so offered for probate."

Despite the use of the word "legatee", the reported cases under section 147 of the former Surrogate's Court Act reflect the view that a legatee who was not a distributee and who would receive nothing in case the will was denied probate, was not entitled to file objections (*Matter of O'Keefe,* 135 Misc 394; *Matter of Hart,* 105 Misc 290; *Matter of Nelson,* 89 Misc 25; *Matter of Cutter,* 148 NYS 920).

*Matter of Hart (supra)* is a typical case in point. In *Hart,* husband and wife died in 1918 within five weeks of each other. The wife died first. Her will was duly admitted to probate. Except for her husband, her only next of kin (distributee) was a sister. As a prerequisite to probate, a waiver of citation, purportedly signed by the husband, was filed in the proceeding. The petitioner, a blood nephew of the husband, but bearing no relationship to the wife—except that of nephew by marriage—filed objections to the probate of the wife's will.

Treating of this fact situation the Surrogate, in denying standing to the petitioner, wrote (p 292): "The petitioner is not a next of kin of the testatrix, and is not a legatee mentioned in the will of the testatrix which was admitted to probate by this court, or any other will executed by her. The only persons who had a right to file objections to the probate of the will of the testatrix were her husband, Owen Hart, and her sister. The objections filed by her sister were withdrawn. Owen Hart did not file objections, and it does not appear from the papers in this proceeding that the petitioner is the administrator of his estate." And further (p 292): "The petitioner was neither a

legatee mentioned in any will of the testatrix nor one of her next of kin, and therefore was not entitled to file objections."

On the subject of being "adversely affected", Surrogate BENNETT of Nassau County anticipated the inclusion of the "adversely affected" clause in SCPA 1410 in probate proceedings by his opinion in *Matter of Haddock* (22 Misc 2d 694). There a son and daughter of the decedent, each of whom stood to receive more from the probate of their mother's will than they would by intestacy, filed objections. Aware as he was that the "would be" objectants had an ulterior motive for their action, the Surrogate pointed out (p 694): "To be an 'interested person' who can contest a will, there must be a pecuniary loss. The intestate share of each of the objecting parties is 25% of the estate, while under the provisions of the will each receive[s] 33⅓% of the estate." The court ruled that (p 695): "In the present case, the objectants cannot contest the will, and, therefore, no prejudice would result to them by the admission of the will to probate." (In this connection, see, also, *Matter of Salkind,* 11 Misc 2d 826; *Matter of Eisenfeld,* 52 Misc 2d 209.)

In *Matter of Chadwell* (55 Misc 2d 1033, 1034), the Surrogate, in denying the objections of nondistributees, reminded them that:

"New York courts have consistently held that the validity of a will can only be contested by those persons who profit by its rejection. (See *Matter of Davis,* 182 N. Y. 468, 472; *Matter of Schmitt,* 175 Misc. 180; *Matter of Haddock,* 22 Misc 2d 694; *Matter of Salkind,* 11 Misc 2d 826.)

"The courts have also held that where a person is not a distributee of the decedent and will receive nothing from his estate if the will is denied probate, such person will not be permitted to object to it, except that one mentioned in a prior will who is reduced by the subsequent will, may file objections."

In *Matter of Turner* (86 Misc 2d 132), the Surrogate of Albany County had occasion to discuss the question of a person mentioned in a first will and then in a subsequent one. In *Turner,* the testator wrote two wills, one in 1973, the other in 1974. In each will he named Ellen Green, nondistributee, a niece by marriage, as his executrix and sole beneficiary. On the very day he executed the second will, however, he conveyed a piece of real property to one Henrietta Smigel. He also named Smigel as alternate beneficiary and executrix and revoked the prior will.

Mrs. Green then moved to probate the first—now revoked— will so that she could lay claim to the real property conveyed to Smigel. But, as the Surrogate explained (p 136): "In order for such a person to have standing to contest it is imperative that the legatee or devisee be prejudiced by the admission of the will to probate. If the beneficiary would receive less under a prior will or the same amount, then he or she is not entitled to object * * * Under both wills Mrs. Green is the executrix and sole beneficiary * * * She therefore has no basis to object."

On the other side of the coin, two of the cases cited by the Surrogate in the instant proceeding, to wit, *Matter of Weinstock* (40 NY2d 1) and *Matter of Scheu* (29 AD2d 626), are distinguishable on the narrow issue before us. In both estates involved therein, a distributee—who undoubtedly had standing and would be adversely affected—filed objections to the appointment of the executors. Therefore, those cases are not dispositive on this appeal.

To recapitulate, I contend that:

1. A *non*distributee legatee has no standing to object to the probate of a sole will of a testator or any part thereof (SCPA 1410).

2. A *non*distributee has standing to object only if her legacy is reduced or omitted in a second or subsequent will of the testator *(Matter of Turner,* 86 Misc 2d 132, *supra).*

3. Even a distributee has no standing to object to the probate of a will if he or she receives more under the will than could be received by intestacy *(Matter of Haddock,* 22 Misc 2d 694, *supra).*

From the recitation of the foregoing cases, Kinnane as a nondistributee not "adversely affected" cannot qualify as an objectant.

The narrow issue of standing, if decided against Kinnane does not foreclose the possibility of compromise. In the clause nominating Orlan as executor, the will is silent as to serving with or without bond.

Warren's Heaton, Surrogate's Court [vol 2 [6th ed], § 149-A, p 23-A-30), is authority for the proposition that: "Where the will is silent in respect of the filing of a bond or where it explicitly dispenses with the filing of a bond the court shall nevertheless have full and complete discretion at any time and from time to time to require the persons seeking such

letters to file a bond in such amount as the court deems advisable under the circumstances of the particular case or it may grant such letters without bond."

Although I realize that the controversy before us is somewhat analogous to a motion made by a defendant before answer to dismiss a complaint for insufficiency (CPLR 3211, subd [a], par 7) and that in such a case the allegations in the complaint are deemed to be true, nonetheless, I am of the opinion that under the law, Kinnane does not qualify to file objections. Therefore, I would reverse and dismiss the objection and would grant full letters to the executor named in the will. This would necessitate a remand to the Surrogate's Court for the purpose of fixing the terms and conditions of a bond for the faithful performance of Orlan's duties as executor, if the Surrogate should desire to exercise his discretion in that direction.

TITONE, J. P., SUOZZI and LAZER, JJ., concur in *Per Curiam* opinion; COHALAN, J., concurs as to the dismissal of the appeals from the decisions, but otherwise dissents and votes to reverse the order and dismiss the objection, with an opinion.

Order of the Surrogate's Court, Richmond County, entered December 22, 1978, affirmed, without costs or disbursements.

Appeals from two decisions of the same court, dated October 26, 1978 and November 29, 1978, respectively, dismissed, without costs or disbursements. No appeal lies from a decision.