Lawrence E. Kahn, S.
This is a proceeding for letters of administration in the estate of Hannah Ryan who died on March 17, 1955, survived by 13 grandchildren. The estate consists of approximately $10,000 in personalty and several parcels of realty valued at $60,000. The issues are raised by objections to the granting of the letters sought, pursuant to SCPA 707 (subd 2), filed on behalf of Sheila Ryan. Sheila Ryan is the daughter of Sylvester T. Ryan, a son of the decedent who died testate in 1972 survived by his widow, Anna B. Ryan, who has continued to reside in the home which constitutes part of the estate real property.
The objectant asserts that petitioner is disqualified "by reason of the fact that she does not have the full, accurate knowledge of the assets of the estate, their value and the management of same over the past several years, that is possessed by your deponent (Sheila A. Ryan) who herself wishes to petition the court for letters of administration.” No such petition has been so filed with this court.
The court notes that the objections filed do not, as a matter of law, approach the requirements set forth in the applicable statute, SCPA 707 (subd 2), which states that a person is only ineligible to serve as a fiduciary, in the court’s discretion, if such person is "unable to read and write the English language”. There is no such claim that petitioner herein is so disabled.
Furthermore, there are no allegations that petitioner is *1081 ineligible to receive letters pursuant to SCPA 707 (subd 1). The mere allegation that objectant possesses a greater knowledge of the assets of this estate does not in itself constitute a statutory ground to hold petitioner ineligible or objectant more eligible to receive letters.
Finally, this court cannot overlook the fact that the deceased herein, Hannah Ryan (also known as Mary Hannah Ryan) died on March 17, 1955 and that her estate has laid unadministered for the past 20 years. It was petitioner’s application for letters herein that has finally brought this estate to the court’s attention and such a petition could have been filed at anytime prior thereto by the objectant. It thus appears that petitioner has taken the initiative in good faith to have this estate finally administered.
The court recognizes its authority to appoint the objectant jointly with the petitioner herein pursuant to SCPA 1001 (subd 5). However, the court feels that such an appointment would not serve the best interests of the beneficiaries herein.
Accordingly, the court finds that the objections do not raise any issue herein, and that letters of administration be granted to the petitioner, subject to her filing a bond in the sum of $10,000 and further limiting the petitioner’s right to sell any of the real property herein, or to affect, alter or interfere with the tenancy of Anna B. Ryan in said estate property without further proceedings and an order of this court.