■ In the Matter of the Estate of David Edelson, Deceased. Stuart R. Edelson, Respondent; Florence Sklar, Appellant. — In a proceeding for the issuance of letters of administration in the estate of David Edelson, the objectant, Florence Sklar, appeals (1) from an undated decision of the Surrogate's Court, Kings County (Bloom, S.), which, *inter alia,* determined that her objections should be dismissed, (2) from an order of the same court, dated December 8, 1980, which upon reargument, adhered to the original decision (we deem the order to be one made upon the aforesaid decision), and (3) from a decree of the same court, dated December 15, 1980, which, *inter alia,* directed that letters of administration be granted to Stuart Roy Edelson, upon his qualifying according to law. Appeal from the decision dismissed. No appeal lies from a decision. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d

241, 248). Decree affirmed. Petitioner is awarded one bill of $50 costs and disbursements payable personally by appellant. The decree of December 15, 1980 granted, *inter alia,* letters of administration to petitioner Stuart Roy Edelson, son of the decedent. The decedent was survived by three adult children as distributees. Petitioner, with the consent of one sister and over the objections of another sister, the appellant Florence Sklar, sought letters of administration. The mere allegation by the objectant, where apparent hostility exists among the decedent's children, that she is more conversant with the decedent's estate does not, as a matter of law, make the petitioner ineligible to receive letters pursuant to SCPA 707 (subd 1) (see *Matter of Ryan,* 81 Misc 2d 1079). Under the facts of this case, the objections raised do not justify the conclusion that the Surrogate abused his discretion in appointing the petitioner, who represented the majority interest in this relatively simple estate. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.