OPINION OF THE COURT
Evans B. Brewster, S.
In this proceeding to probate a purported will dated July 17, 1979, objections to probate have been filed by the Attorney-General, by an individual legatee receiving a greater share under a prior will and by a charity named in a prior will and omitted from the propounded instrument. All of these objectants allege lack of due execution, lack of testamentary capacity, fraud and undue influence.
Objections to probate have also been filed by a coresiduary legatee who seeks denial to probate of only a portion of the propounded document; specifically, paragraph fourth (e) and that portion of the residuary clause which bequeaths one half of the residuary to the wife of the attorney draftsman. This objectant alleges that the bequests to the wife of the attorney draftsman were inserted in the propounded instrument as a result of fraud and undue influence of the attorney draftsman.
*1018 The petitioner has moved to dismiss the objections of the coresiduary legatee upon the grounds that she is not a distributee or a legatee who would receive a greater share under a prior will and is not an interested party entitled to file objections.
“Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or any portion thereof” (SCPA 1410; emphasis added). The question presented is whether the coresiduary legatee is such a person.
Generally a person who is not a distributee of the decedent and who will receive no part of a decedent’s estate if a will is denied probate, will not be permitted to file objections to probate. (Matter of Turner, 86 Misc 2d 132; Matter of Chadwell, 55 Misc 2d 1033.) The exception is when a person is named in a prior will and his interest under the prior will is greater than under the propounded will (Matter of Turner, supra; Matter of Chadwell, supra).
Two prior wills of the decedent are on file with the court. In neither does the objectant receive an amount greater than her interest under the terms of the propounded instrument nor is she a distributee. It is clear that the coresiduary legatee does not satisfy the usual tests and requirements to become eligible to file objections to probate.
The decedent died on September 10,1979. The document which is propounded as her will is dated July 17, 1979. In her will, the testatrix nominated the attorney draftsman as executor to serve without bond; bequeathed $2,000 to each of four friends; bequeathed all personalty to the wife of the attorney draftsman and the residue equally to the wife of the attorney draftsman and the objectant. The petition for probate estimates the value of the gross testamentary estate, consisting entirely of personal property, to be $40,000.
By filing objections to only a portion of decedent’s will, the coresiduary legatee has presented an unusual question for determination. Is a person whose only interest in the estate of a testator is as a legatee in the propounded *1019 instrument which would be adversely affected by the admission of only a portion of a will to probate, eligible to file objections to that portion of the will?
While no attack has been made upon the form of the objections, the law is clear that objections may be made to a portion of a will. “A will procured by fraud and deception, like any other instrument, may be decreed void and set aside, and so a particular portion of a will may be excluded from probate or held inoperative if induced by the fraud or undue influence of the person in whose favor it is. (Allen v. M’Pherson, 1. H.L. Cas. 191; Harrison’s Appeal, 48 Conn. 202.)” (Riggs v Palmer, 115 NY 506, 512.)
More recently, in Matter of Lawson (75 AD2d 20), where objections to probate containing allegations of undue influence to secure a bequest were sustained by a jury, the court in remitting the matter to the Surrogate’s Court for consideration of whether undue influence of the legatee should have invalidated only the bequest to him instead of the entire will, stated (at p 29): “Had the Surrogate himself been the trier of the facts, he could, in his discretion and depending upon his analysis of the proofs, have admitted the will to probate without the * * * bequest (see Matter of Eckert, 93 Misc 2d 677; Matter of Weinstock, 78 Misc 2d 182, 187; Matter of Thorn, 153 Misc 28; Matter of Maguire, 105 Misc 433, 434; see, also, Matter of Weinstock, 40 NY2d 1, 6; Riggs v Palmer, 115 NY 506, 511-512).”
As noted earlier, in enacting SCPA 1410, the Legislature included the phrase, “or any portion thereof”, thus disclosing a clear intent to permit the filing of objections to only a portion of the will and inferentially, the intent to permit the filing of objections by any person who would be adversely affected by the admission to probate of any portion of the will to which the objections are addressed. A denial of the right of a legatee named in decedent’s will to file objections to the probate of a portion of the will which adversely affects the financial interest of the legatee, would be incompatible with sound principles of law and equity.
To achieve legislative intent, SCPA 1410 should be read as if the words “or any portion thereof” were twice inserted, viz., “[a]ny person whose interest in property or in *1020 the estate of the testator would be adversely affected by the admission of the will [or any portion thereof] to probate may file objections to the probate of the will or any portion thereof”.
The objective in a proceeding to probate a purported will is to carry out the testamentary wishes of the decedent as reflected in his will by admitting to probate only an instrument or a portion thereof, which has been duly executed by a decedent who is free from restraint, has testamentary capacity and is otherwise competent to execute a will. To deny probate to an entire testamentary document because of the taint of one paragraph, defines logic and reason and would thwart the intention and wishes of a testator. Only so much of the testamentary instrument is found to have been inserted as the result of fraud or undue influence need be excised from the document. The remainder, free of fraud or undue influence should be admitted to probate, if otherwise in conformance with statutory requirements.
In the absence of objections, it is the duty of the Surrogate to satisfy himself that the instrument offered for probate was duly executed in conformance with statutory requirements. Absent a disclosure of a breach of a confidential relationship by overreaching (Matter of Putnam, 257 NY 140), the court’s inquiry would not ordinarily uncover evidence of fraud or undue influence which is generally imposed out of the sight of the draftsman or the attesting witnesses. The law should be liberally construed to permit the presentation of evidence of fraud or undue influence to the court by any party whose interest in the decedent’s estate is adversely affected by such fraud or undue influence.
It is not relevant that the coresiduary legatee would receive a notice of objections filed and could appear in the proceeding as a party adversely affected by the filing of objections. As a legatee, she is entitled to file objections to a portion of the propounded instrument (Matter of Brumer, 69 AD2d 438) which adversely affects her interest in the decedent’s estate.
The motion to dismiss the objections is denied.