■ In the Matter of BETTY BOYLE, Deceased. HAZEL FITZGERALD, Appellant; JACQUELINE FITZGERALD et al., Respondents.

[638 NYS2d 75] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about July 13, 1995, which, *inter alia*, issued letters of administration *c.t.a.* to the Public Administrator of New York County, unanimously reversed, on the law, without costs, and the matter remanded for a determination in accordance with this decision.

SCPA 1418 provides:

"1. If no person is named as executor in the will or selected by virtue of a power contained therein or if at any time there is no executor or administrator with will annexed qualified to act, upon the application of any person who may petition for the probate of the will under 1402 the court must issue letters of administration with will annexed in the following order of priority:

"(a) to a sole beneficiary or if he be dead to his fiduciary;

"(b) to one or more of the residuary beneficiaries or, if any be dead, to his fiduciary;

"(c) if there is no eligible person entitled to letters under subparagraphs (a) and (b) of this subdivision who will accept, the court may issue letters to one or more of the persons interested in the estate or, if any be dead, to his fiduciary.

"2. If there is no eligible person entitled to letters under the foregoing subdivision who will accept or an appointment is not made by consent as provided in subdivision 6, letters shall issue to the public administrator".

The provisions of this statute providing for the order in which different classes must be considered for issuance of letters of administration *c.t.a.* are mandatory and the court has no discretion to pass over one class in favor of another (*Matter of Juelich*, 81 AD2d 919).

In this matter, the court could not have found that all of the persons who had priority of appointment over the Public Administrator were not eligible under SCPA 707, which defines when a person will be ineligible to receive letters, and it was therefore error to appoint the Public Administrator.

Initially we note that it was not improper to overlook residuary beneficiary Jacqueline Fitzgerald, as she had already been removed as executor. Moreover, Helen Civello had specifically renounced appointment, and it is undisputed that Ignatius Clarke is ineligible to serve due to mental illness (SCPA 707 [1] [b]).

Furthermore, while appellant Hazel Fitzgerald, a residuary beneficiary, is willing to serve, the Surrogate's decision was properly based on overwhelming evidence demonstrating such

hostility on her part toward certain of the other beneficiaries as to render her unfit to serve under SCPA 707 (1) (e) on the grounds that it jeopardizes the interest of the beneficiaries and the proper administration of the estate (*Matter of Rad*, 162 Misc 2d 229, 232, citing *Matter of Jurzykowski*, 36 AD2d 488, *affd* 30 NY2d 510). On the same grounds, residuary beneficiary Kathleen Ewalt's demonstrated level of hostility toward her sister Hazel Fitzgerald would properly justify her being deemed ineligible.

However, residuary beneficiary Eileen Creegan, who is a New York resident, has not been alleged to be ineligible to serve and apparently has never declined to accept an appointment. Additionally, although two of the remaining residuary beneficiaries, i.e., Margaret Clarke and Anthony Clarke, are non-domiciliary aliens, this does not render them ineligible if the court finds, in its discretion, that they may serve and if they serve in conjunction with a New York resident fiduciary (SCPA 707 [1] [c]). Finally, Eileen Moore, who is not a residuary beneficiary but is a person interested in the estate and therefore outranks the Public Administrator, has not been alleged to be ineligible and, although also a non-domiciliary alien, may also be appointed by the court, in its discretion, to serve in conjunction with a New York resident fiduciary.

Under these circumstances, it was error to appoint the Public Administrator prior to a determination, after a hearing, as to whether letters should be issued to those with statutory priority. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.