■ In the Matter of the Estate of CYNTHIA KOPKO, Also Known as CYNTHIA JORBEL KOPKO, Also Known as CINDY JORBEL, Also Known as CYNTHIA SUSAN KOPKO, Deceased. RAYMOND JORBEL, Appellant; EDWARD KOPKO, Respondent. [817 NYS2d 907]—

In a proceeding to obtain letters of administration, Raymond Jorbel appeals from (1) a decision of the Surrogate's Court, Rockland County (Nelson, A.S.), dated May 9, 2005, and (2) a decree of the Surrogate's Court, Rockland County (Del Pizzo, S.), dated June 17, 2005, which, upon the decision, directed that letters of administration be issued to Edward Kopko.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to Edward Kopko, payable by the appellant.

Contrary to the appellant's contention, the Surrogate's Court properly issued the respondent letters of administration for his late wife's estate. The appellant's conclusory allegations failed to demonstrate that the respondent was disqualified to serve as administrator pursuant to SCPA 707 (1) (e) (*see Matter of Marsh*, 179 AD2d 581 [1992]; *Matter of Salvan*, 132 AD2d 662 [1987]). Further, there was no showing that the acrimony between the parties would interfere with the proper administration of the estate (*cf. Matter of Sadowski*, 21 AD3d 1034 [2005]; *Matter of Rad*, 162 Misc 2d 229 [1994]). Thus, the respondent had a mandatory priority to receive the letters of administration (*see* SCPA 1001 [a]; *Matter of Salvan, supra*). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.