[897 NYS2d 599]

# In the Matter of the Estate of CARL FLORIO, Deceased.

Surrogate's Court, Nassau County, December 8, 2009

### APPEARANCES OF COUNSEL

*Connors & Sullivan, P.C.*, Brooklyn, for petitioner. *Richard Minton*, Mineola, for objectant.

## OPINION OF THE COURT

JOHN B. RIORDAN, J.

Before this court is a petition and a cross petition for letters of administration D.B.N. Carl Florio died intestate on August 11, 1994, a resident of Lynbrook, survived by his wife, Ann Florio, and two children, Julie Faure, petitioner herein, and Michael Florio, cross petitioner. A previous petition for letters of administration was filed by Ann on December 7, 2007, and Ann was appointed administrator of Carl's estate on January 8, 2008. Subsequently, Ann postdeceased Carl on October 31, 2008. Julie was appointed as preliminary executor of Ann's estate, and subsequently she petitioned the court for letters of administration D.B.N. in Carl's estate. Michael filed objections to Julie's petition and simultaneously filed a cross petition asking that the court grant him letters of administration D.B.N. in the estate of Carl. Julie filed an affirmation in opposition to Michael's objections and Michael responded with a reply affidavit.

Michael's objections to the appointment of Julie are based upon the following grounds: (1) her petition incorrectly listed the estate's real property (this error was corrected by affirmation dated July 20, 2009); (2) she is less knowledgeable than Michael concerning real property; and (3) she is inadequate to serve as administrator, as evidenced by (a) her attempt to sell decedent's real property below market value, and (b) her disregard of a real estate broker and potential tenant produced by Michael. In addition, Michael argues that he is more qualified and competent to act as administrator, based, in part, upon his assertion that "I have had a real estate salesman's license for many years."

Julie's attorney responded with an affirmation in opposition to Michael's objections, accusing Michael of "deceit, financial indebtedness and manipulation." Among other points, she asserts that (1) Julie has priority to receive letters under SCPA 1001 (4) (a), which provides that "[w]here a distributee who has died . . . would have had a prior right to letters of administration except for his death . . . the court may grant letters to his fiduciary . . . if he is eligible and qualifies"; (2) Julie is a creditor of the estate; (3) the error in listing the real property was merely clerical; (4) no evidence has been put forth in support of Michael's allegation that Julie is inadequate to act as administrator; and (5) the attempt to sell real property was made by Ann, not Julie. Counsel further argues that Michael has been

collecting and retaining rent from his daughter for living in estate real property, despite the fact that all of the utility bills and taxes on the property are being paid out of Julie's personal funds, and that Michael is a debtor of the estate. She avers that Michael's assertion, "I have had a real estate salesman's license for many years" is false. Julie's counsel argues that on the basis of Michael's having made this allegedly false statement, Michael is ineligible to receive letters under SCPA 707 (1) (e), which states, in part, that a person lacking the necessary qualifications to serve as a fiduciary because of his dishonesty is ineligible to receive letters. Counsel further cites debt judgments and citations for violation of local ordinances issued against Michael.

In his reply affidavit, Michael disputes Julie's assertions regarding payment of estate bills and further alleges that it was Julie, rather than Michael, who was manipulative of family members. As to the allegation of dishonesty, Michael responds that the statement he made concerning his real estate license was not intended to imply that he currently holds a license, and in support annexes a copy of a real estate license which expired in 1973. The court notes that the language chosen by Michael to describe the status of his real estate license is somewhat misleading, in that the present perfect tense, "have had," is generally used to refer to action which began in the past and continues to the present. (*See* The Little, Brown Handbook, at 319 [Instructor's Annotated 8th ed].)

The conclusory allegations of each party and the misleading statement are insufficient to disqualify either of the distributees under SCPA 707. The statutory order of priority among individuals who are eligible to receive letters of administration is established under SCPA 1001. Pursuant to SCPA 1001 (1) (b), letters of administration will be granted to the children of a decedent if there is no spouse able to serve.

However, there are two sets of limited circumstances in which the court is granted discretion to determine who will receive letters, both of which are present in the matter before the court. The first involves an estate with more than one distributee, equally eligible and qualified to serve (1 Harris, New York Estates: Probate, Administration and Litigation § 4:74 [5th ed]). The court, in its discretion "may grant letters of administration to one or more of such persons" (SCPA 1001 [1] [f] [i]). In practice, while this section empowers the court to issue letters to two or more coadministrators, generally courts will avoid is-

suing letters jointly to fiduciaries who have exhibited antago-
nism toward one another, as distributees who clash over who
should receive letters are probably incapable of administering
the estate together (1 Harris, New York Estates: Probate,
Administration and Litigation § 4:86 [5th ed]). In this estate,
the hostility manifest between the two petitioners, as expressed
in the documents filed, makes it clear that the court cannot ap-
point both parties.

In exercising its discretion to select one of multiple distribu-
tees, the court may consider such factors as each distributee's
(1) relationship with the decedent; (2) business experience; and
(3) familiarity with the decedent's affairs (*Matter of Been*, NYLJ,
Aug. 2, 1990, at 20, col 6 [Sur Ct, Nassau County]). In addition,
courts generally give preference to the distributee having the
greater interest in the estate (*Matter of Edelson*, 88 AD2d 640
[2d Dept 1982]; *Matter of Jenks*, 15 AD2d 450 [1st Dept 1961]).
Ultimately, the court will use its discretion and appoint either
the distributee whose appointment the court deems to be in the
estate's best interest (*Matter of Eisenstein*, 158 AD2d 597 [2d
Dept 1990]; *Matter of De Hart*, 8 Misc 2d 531 [Sur Ct, Richmond
County 1957]), or a neutral administrator (1 Harris, New York
Estates: Probate, Administration and Litigation § 4:86 [5th ed]).

The second situation which presents the court with discretion
in selecting an administrator involves the issuance of letters to
the fiduciary of a distributee who survived the decedent, and
who would have had a prior right to letters of administration,
but who is ineligible to serve as a result of death, infancy,
incompetency or the appointment of a conservatorship (SCPA
1001 [4] [a]). Ann received letters of administration in the estate
of Carl. Following Ann's death, her fiduciary may be appointed
by the court if she is eligible and qualifies. The court disagrees,
however, with the assertion of Julie's counsel that this gives
priority to Julie to receive letters. This section actually provides
that a court *may* grant letters to the fiduciary of a fiduciary, but
does not mandate that the court do so.

Based on the papers before the court, letters will issue to Ju-
lie on the grounds that (1) Julie has greater familiarity with the
affairs of decedent than does Michael; (2) Julie has been granted
letters as the preliminary executor of the estate of Ann, the
deceased fiduciary of decedent's estate; and (3) Julie potentially
has the greater interest in the estate, as fiduciary of Ann's
estate, which is entitled to receive the first $50,000 and one half
of the residue (EPTL 4-1.1 [a] [1]), and as a distributee in her

own right, which entitles her to receive one quarter of the residue, while Michael is entitled to receive only one quarter of the residue. Thus, Julie represents the majority interest in the estate.

Accordingly, letters of administration D.B.N. will issue to Julie Faure. The cross petition filed by Michael Florio is dismissed.