[902 NYS2d 505]

In the Matter of the Estate of WILLIAM GOTTLIEB, Deceased. IRVING BENDER et al., Respondents; CHERYL I. DIER et al., Appellants. In the Matter of the Estate of MOLLIE BENDER, Deceased. IRVING BENDER et al., Respondents; MICHAEL CORBETT, Appellant.

First Department, May 18, 2010

**APPEARANCES OF COUNSEL**

*Cheryl I. Dier*, appellant pro se.

*Law Office of Michael C. Rakower, P.C.*, New York City (*Michael C. Rakower, Harvey Stuart* and *David E. Miller* of counsel), and *Mayer Law Group, LLC*, New York City (*Carl J. Mayer* of counsel), for Michael Corbett, appellant.

*Greenfield Stein & Senior, LLP*, New York City (*Gary B. Freidman* and *Harvey Corn* of counsel), and *Simon, Eisenberg & Baum, LLP*, New York City (*Joseph P. Gaffney, Edward Paul Alper* and *Eric Baum* of counsel), for respondents.

**OPINION OF THE COURT**

Nardelli, J.

This appeal involves challenges to the issuance of fiduciary letters in two related estates. In *Matter of Gottlieb*, objectors Cheryl I. Dier and Michael Corbett appeal from a decree of the Surrogate's Court, New York County which, inter alia, granted the motion of Irving Bender and Neil Bender, as preliminary executors of the estate of Mollie Bender, to dismiss the objections asserted by Dier and Corbett, and granted letters of administration c.t.a. in the Gottlieb estate to the Benders. In *Matter of Bender*, Michael Corbett, as objector, appeals from an order of the Surrogate, which granted the motion of the preliminary executors Irving Bender and Neil Bender to dismiss Corbett's objections because he lacked standing to challenge the issuance of letters.

William Gottlieb, a prominent realtor, died in 1999, survived by his sister, Mollie Bender, and his brother, Arnold Gottlieb. His will was admitted to probate on December 28, 1999, and letters testamentary were issued to Mollie Bender, the sole legatee. William's mother, Anna Gottlieb, the named successor executor, had predeceased William.

When Mollie Bender broke her hip, she petitioned to resign as executor and for the appointment of Neil Bender, her son, as successor administrator. On July 21, 2007, however, prior to a decision on the petition, Mollie Bender died. She was survived by her husband Irving, her son Neil, and her daughter Cheryl Dier. Under a will executed November 4, 2005, Mollie had left her estate to her husband, her son Neil, and Neil's issue. Irving and Neil were designated as coexecutors.

On July 19, 2007, Neil Bender filed a petition to be appointed as administrator c.t.a. for Gottlieb's estate. On August 21, 2007, Michael Corbett, Cheryl Dier's son, cross-petitioned for letters of administration c.t.a.

Neil Bender and Irving Bender also offered Mollie Bender's November 4, 2005 will for probate, and, contemporaneously, filed an application for preliminary letters testamentary. On or about July 23, 2007, an undated, printed document purporting to be a notice of appearance on behalf of Dier, Corbett and Mollie Bender's brother, Arnold Gottlieb, was filed by Carl Mayer, an attorney, in both the Bender probate proceedings and the proceeding to appoint Neil Bender as administrator c.t.a. of the Gottlieb estate. On July 24, 2007, Dier filed an affidavit disavowing Mayer's representation of her in either proceeding.

Dier, pro se, herself filed objections on July 24, 2007 to the Bender will, and also both to the appointment of the Benders as preliminary executors and to Neil's application for letters of administration c.t.a. in the Gottlieb estate. She alleged that Neil was unfit to serve as fiduciary. Dier also cross-petitioned in the Gottlieb matter for the issuance to her of letters of administration c.t.a.

Corbett, represented by Mayer, filed an objection on August 8, 2007 to the granting of preliminary letters testamentary to the Benders in Mollie's estate. In connection with his objection to Neil's appointment, Corbett submitted, inter alia, evidence of two convictions more than 15 years old for driving while impaired by alcohol, a 13-year-old federal tax lien of less than $28,000 (which had been released in 1996), and a list of small civil judgments from the early 1990s. No objections were asserted to the probate of the Gottlieb will itself.

On September 25, 2007, the Surrogate issued an order rejecting the objections to the issuance of preliminary letters testamentary to the Benders. The Surrogate held that the allegations as to Neil Bender's eligibility, even if true, did not rise to a level that would warrant disqualification. No appeal was taken.

In October 2007 the Benders filed an amended petition for letters of administration c.t.a. in the Gottlieb estate on the grounds that the statutory right to letters of administration c.t.a. emanated from their status as fiduciaries of Mollie Bender, the sole beneficiary under William Gottlieb's will. The Benders also moved to dismiss and to strike from the record the notices of appearance, objections and cross petitions filed by Dier and Corbett. In January 2008 the Benders also moved to be appointed temporary administrators c.t.a. for the Gottlieb estate.

By order entered February 21, 2008, the Surrogate held that neither Dier nor Corbett had standing under Surrogate's Court Procedure Act § 1418 to petition for letters of administration c.t.a., since they did not meet the criteria set forth in SCPA 1402, as they had not been named in any capacity in Gottlieb's will. The Surrogate further held that even if Dier and Corbett otherwise had standing, the Benders, as fiduciaries of Mollie Bender's estate, had priority to receive letters of administration c.t.a. The Surrogate also noted that the allegations regarding the Benders' eligibility to act as fiduciaries had been raised and addressed in the September 25, 2007 decision in the *Bender* proceeding, and the allegations were insufficient to require

disqualification. Letters of administration c.t.a. were granted to the Benders.

In *Matter of Bender,* by motion dated December 26, 2007, the Benders moved to dismiss all of Corbett's filings on the ground that he lacked standing under any of the applicable provisions of the SCPA. In his opposition papers, Corbett annexed a conformed copy of a 1991 will executed by Mollie Bender, in which he was named as a one-fourth beneficiary. Handwritten on the title page were the words "Will was executed on 1/8/91 [and] Client took original" with the initials "SRG," which the court later determined were those of an attesting witness.

In an order entered on or about March 20, 2008, the court granted the motion to the extent of dismissing the objections filed by Corbett. It observed that since, under SCPA 1407, a will last known to be in the possession of the testatrix and missing at her death is presumed to have been revoked, even if the 2005 will that was the subject of the Bender proceeding was denied probate and the copy of the 1991 will submitted as a lost will, the presumption that the 1991 will had been revoked would still apply. The court further stated, "The likelihood of rebutting this presumption is too remote to afford [Corbett] standing in the instant proceeding as an adversely-affected beneficiary of a prior will."

Dier's appeal is addressed first. Initially, Dier has only filed a notice of appeal from the February 21, 2008 order in which the Surrogate granted letters c.t.a. to the Benders in the Gottlieb proceeding. She has not taken any appeal in the Bender probate proceeding, even though in her prayer for relief in her appellate brief she seeks the issuance of temporary letters in that estate. We also note that her objections to the probate of the Bender will, including Dier's claims that the will is the product of duress and undue influence, are not before us. Thus, our review of her appeal is limited to the denial of her request to seek letters c.t.a. in the Gottlieb estate, and, as well, to her challenge to the issuance of letters in the Gottlieb estate to the Benders.

Dier is a distributee of Mollie Bender. Under SCPA 1410 she is thus a person with an interest in the Bender estate, and an individual who possesses the right to challenge any portion of the Bender will. The challenges to the admission to probate of the Bender will itself have not been determined by the Surrogate's Court. Thus, in the interim, Dier possesses standing to challenge the issuance of letters c.t.a. to Neil in the Gottlieb

estate. It is his status as sole fiduciary under Mollie Bender's will which gives Neil priority in staking a claim for letters c.t.a. in the Gottlieb estate, in which Mollie Bender is the sole beneficiary (*see* SCPA 1418 [1] [a]).

Dier's attempt to have letters c.t.a. issued to herself instead of Neil Bender presents a justiciable issue. Although we agree with the Surrogate's ultimate determination that Irving Bender and Neil Bender were entitled to letters c.t.a., we conclude that it was not because Cheryl lacked standing, but rather because Irving and Neil were entitled to priority.

As noted above, Dier is a person interested, as defined by statute, in Mollie's estate (SCPA 1410). Her challenge to the probate of the Bender will has not yet been adjudicated. If she were to be successful in her challenge, and the Bender estate administered under the laws of intestacy, instead of under the will, Neil would lose his status as fiduciary under the will of a sole beneficiary. Dier, as a distributee of Mollie's estate, could also then lay claim to being a fiduciary.

Since, however, there has not yet been a resolution of the challenge to the Bender will, and preliminary letters testamentary were issued in Mollie's estate to the Benders on September 18, 2007, from which order an appeal was not taken, Neil is presently the recognized fiduciary for the Bender estate. Consequently, he is entitled to priority in the issuance of letters c.t.a. in the Gottlieb estate. If and when Dier's challenge to the Bender will itself is resolved, the issue of who should be a fiduciary may be revisited. Until such time, however, Neil has priority. This Court has made clear in *Matter of Boyle* (224 AD2d 374 [1996]) that the statutory priority for issuance of letters c.t.a. is "mandatory, and the court has no discretion to pass over one class in favor of another" (*id.* at 375). Absent a finding that Neil is ineligible to act as a fiduciary because of character deficiencies, as will be discussed, he is entitled to priority in receiving letters.

Before Neil's qualifications to serve as fiduciary are addressed, however, the issue of Corbett's standing to raise any challenges must also be resolved. As Dier's son, Corbett is not a distributee of Mollie Bender. Thus, even if the Bender will were not admitted to probate, he would not have any standing, since under the laws of intestacy the entire estate would pass to Mollie's surviving spouse and children (EPTL 4-1.1).

He seeks to establish his standing, however, by claiming that since he was named as a beneficiary in a prior will, he had stand-

ing to object to the subsequent will in which he was not a named beneficiary. "Generally a person who is not a distributee of the decedent and who will receive no part of a decedent's estate if a will is denied probate, will not be permitted to file objections to probate" (*Matter of Wharton*, 114 Misc 2d 1017, 1018 [1982]). "The exception is when a person is named in a prior will and his interest under the prior will is greater than under the propounded will" (*id.*).

In this case, however, the original will has not been discovered, and the only copy provided contains a handwritten notation indicating that the original had been physically given to the testator, Mollie Bender. As the Surrogate held, " '[w]hen a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator' " (*Matter of Fox*, 9 NY2d 400, 407 [1961], quoting *Collyer v Collyer*, 110 NY 481, 486 [1888]; *see also Matter of Staiger*, 243 NY 468, 472 [1926]). To rebut the presumption a proponent must present more than mere speculation and suspicion, but must show facts and circumstances that the prior will was actually fraudulently destroyed (*Matter of Philbrook*, 185 AD2d 550 [1992]). If a prior will has been revoked by destruction, a beneficiary thereunder has no standing to contest the later will (*Matter of Rayner*, 93 App Div 114 [1904]).

Corbett has not established any facts which suggest that the will was fraudulently destroyed. Further, even if Dier's challenge to the probate of the 2005 Bender will is upheld, this would not negate the presumption that the 1991 will is deemed, as a matter of law, to have been destroyed by the testator. Therefore, Corbett would still lack standing to raise any challenges, since he could not be a person deemed interested under statute.

Corbett also argues that the Surrogate should have afforded him the opportunity to engage in discovery regarding the 1991 will. This request is raised for the first time on appeal, which failure would generally be sufficient to deny the request (*see Omansky v Whitacre*, 55 AD3d 373 [2008]). More to the point, however, he has not shown any circumstances suggesting that the first will was fraudulently destroyed. Indeed, this is not a situation where the only known will cannot be located. Rather, a subsequent will, 23 pages long, and prepared by an attorney, was executed, and would supplant the first will. While Dier's challenge to the second will clearly remains unresolved, the

threshold issue on Corbett's challenge is whether there is any evidence to suggest that discovery would establish that the first will, which was in the possession of the testator, was fraudulently destroyed, and could be revived if the second will were found to be invalid as a result of, inter alia, undue influence or the lack of testamentary capacity. Since we cannot find any such evidence in this record, the request for further discovery must be denied, and Corbett is found to be without standing.

Inasmuch, however, as Dier possesses standing to challenge Neil's credentials, her allegations, many of which overlap Corbett's, are now discussed. Pursuant to SCPA 707, with certain exceptions, letters testamentary may be issued to a natural person or a person authorized by law to be a fiduciary. However, the exceptions bar issuance of letters testamentary to "one who does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, or who is otherwise unfit for the execution of the office" (SCPA 707 [1] [e]). In the decision dated February 19, 2008, the Surrogate noted that the allegations concerning the Benders' unfitness to serve as fiduciaries had been previously raised and rejected in connection with Mollie's estate in the decision dated September 25, 2007, which resulted in the signing of an order issuing the Benders preliminary letters testamentary. In the September 2007 decision the Surrogate observed that Dier had not supported her allegations with any facts whatsoever, but that Corbett had alleged that Neil "lacks the capacity to execute the duties of executor" due to "substance abuse, dishonesty and improvidence in many matters." The Surrogate found that the "evidence" as to Neil consisted of two traffic violations more than 15 years old, a 1994 federal tax lien of less than $30,000, and several small civil judgments from the early 1990s, and that these complaints did not rise to the level required for disqualification.

■ These allegations form, in part, the essence of Dier's present claim that Neil should not serve as a fiduciary. She contends that he is a habitual drunk, is financially irresponsible, and has failed to comply with court directives in other matters. Our review finds that these allegations are not sufficiently demonstrated so as to preclude the issuance of letters c.t.a. to Neil in the Gottlieb estate.

A testator's choice of executor is not lightly to be disregarded. As was noted long ago by the Court of Appeals, "the testator still enjoys the right to determine who is most suitable among

those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded" (*Matter of Leland*, 219 NY 387, 393 [1916]). "Appointment is not to be refused merely because the testator's selection does not seem suitable to the judge" (*id.*).

A nominated executor's character failings may be offensive to others, but unless they, in the aggregate, clearly demonstrate unworthiness for the responsibilities to be undertaken, they cannot bar the appointment. As was stated in *Matter of Flood* (236 NY 408 [1923]), in order for a nominated fiduciary's improvidence to preclude his appointment, it must be demonstrated that his habits of mind and conduct have become such a part of his character as to " 'render him generally, and under all ordinary circumstances, unfit for the trust or employment in question' " (*id.* at 411, quoting *Emerson v Bowers*, 14 NY 449, 454 [1856]). "The dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor" (*Matter of Latham*, 145 App Div 849, 854 [1911]).

Dier complains that Neil repeatedly misrepresented himself in legal estate matters as "manager" or "executor" or "nominated administrator c.t.a." when this was not true, particularly in instigating numerous litigations. It appears, however, that the litigation to which Dier refers was a series of housing court proceedings in which the attorney erred in incorrectly stating Neil's title. No judicial finding was made that Neil was guilty of misrepresentation, and the incorrect titles were subsequently corrected.

Dier also points out that on June 19, 2007, this Court sanctioned Mollie Bender, at the time she was serving as executor of the Gottlieb estate, for failure to comply with directives that a co-owner of a building be provided with access to the building. While Mollie was the nominal party, it cannot be overlooked that Neil was significantly involved in the litigation, likely because of her physical condition (she died approximately a month later). It is evident that the sanction resulted from willful misconduct, and bespeaks a willingness to ignore a court order. Taken at face value, however, and even ascribing the misconduct solely to Neil, we cannot conclude that the issuance of the order warrants deviating from the statutory scheme so as to preclude Neil from being appointed as administrator c.t.a. Even when viewed in conjunction with the other allegations of Neil's less than sterling character, it is not sufficient to find

Neil unfit to serve as fiduciary. The possibility that Neil might have been assuming control of Mollie's affairs because of her physical condition may ultimately have significance in determining whether her 2005 will was the subject of undue influence, but that issue awaits adjudication at another time.

There are also allegations that the Gottlieb estate has been mismanaged by Neil, and that fines, as well as contempt sanctions, have been imposed for the failure of a corporate entity controlled by the estate to comply with repair obligations. Both the violations and the contempt sanction were issued at a time when Neil was not the recognized fiduciary, so that the existence of these sanctions in and of themselves cannot support replacing Neil as fiduciary. Their relevance to Mollie's capacity, as with the sanctions imposed by this Court, awaits determination at another time.

Dier also alleges that Neil should be disqualified because he was a "habitual drunkard." There is no evidence, however, indicating that any purported substance abuse is so habitual as presently to affect his ability to handle estate affairs sufficiently. Indeed, the only evidence offered is an affidavit of a doctor of osteopathy who allegedly treated Neil no later than 2000.

In sum, the record does not demonstrate that on the limited justiciable issue before us, i.e., whether Neil is entitled to be appointed administrator c.t.a. of the Gottlieb estate, the Surrogate erred.

Accordingly, the decree of the Surrogate's Court, New York County (Renee Roth, S.), entered on or about February 21, 2008, which granted the motion of Irving Bender and Neil Bender for letters of administration c.t.a. in the estate of William Gottlieb, dismissed the objections of Cheryl Dier and Michael Corbett in all respects, and denied the objectors' cross petitions for letters of administration c.t.a., and the order of the same court and Surrogate, entered on or about March 20, 2008, which, to the extent appealed from, granted the motion of Irving Bender and Neil Bender to dismiss Corbett's objections to their appointment as preliminary executors of the estate of Mollie Bender, should be affirmed, without costs.

ANDRIAS, J.P., SWEENY, CATTERSON and DEGRASSE, JJ., concur.

Decree, Surrogate's Court, New York County, entered on or about February 21, 2008, and order, same court, entered on or about March 20, 2008, affirmed.