■ In the Matter of PHILMOUR BEHARRIE, Deceased. TYSHAWNA MENDEZ, Appellant; KINGS COUNTY PUBLIC ADMINISTRATOR, Respondent, et al., Respondent. [924 NYS2d 451]—

In a proceeding pursuant to SCPA 1001 to obtain letters of administration for the estate of Philmour Beharrie, the petitioner appeals from a decree of the Surrogate's Court, Kings County (Lopez Torres, S.), dated April 16, 2010, which denied her motion to revoke temporary letters of administration previously issued to the Kings County Public Administrator and issue letters of administration to her, and issued permanent letters of administration to the Kings County Public Administrator.

Ordered that the decree is affirmed, with one bill of costs payable by the appellant personally.

The decedent Philmour Beharrie died intestate on May 29, 2009, survived by three minor children. At the time of his death, the decedent owned a pharmacy, shares in a cooperative apartment unit, and a home. The petitioner, Tyshawna Mendez, the mother of two of the decedent's children and the court-appointed guardian of their property, who resides in the cooperative apartment unit owned by the decedent's estate, commenced this proceeding to be appointed administrator of the decedent's estate. The objectant, Nataki Lewis, the mother of one of the decedent's children, who resides in the home owned by the decedent's estate, objected, contending, inter alia, that the petitioner was unqualified and unfit to serve in light of hostility between the objectant and the petitioner. The Surrogate's Court issued temporary letters of administration to the Kings County Public Administrator (hereinafter the Public Administrator), and the petitioner then moved to revoke such letters and issue letters to her. The objectant opposed this motion. The Surrogate's Court denied the motion and issued permanent letters of administration to the Public Administrator.

Contrary to the petitioner's contention, as the court-appointed guardian of the property of two infant distributees of the decedent's estate, she does not have priority to be appointed administrator (see SCPA 1001 [1]). As such, the Surrogate's Court had broad discretion to determine to whom it should issue letters of administration, based on the best interests of the estate (see Matter of Sadowski, 21 AD3d 1034, 1035 [2005]; cf. Matter of Boyle, 224 AD2d 374 [1996]). Here, the Surrogate providently exercised her discretion in denying the petitioner's motion to revoke the temporary letters of administration previously issued to the Public Administrator and issue letters of administration to the petitioner, as the record demonstrates that appointing the petitioner as the administrator would not be in the best interests of the decedent's estate (see Matter of

*Sadowski,* 21 AD3d at 1035; *Matter of Eisenstein,* 158 AD2d 597 [1990]; *Matter of Florio,* 26 Misc 3d 1048, 1050-1052 [2009]). Further, based on the hostility between the petitioner and the objectant, appointing the petitioner as the administrator of the decedent's estate would jeopardize the interests of the beneficiaries and the proper administration of the estate (*see* SCPA 707 [1] [e]; *Matter of Palma,* 40 AD3d 1157, 1158 [2007]; *Matter of Venezia,* 25 AD3d 717, 718 [2006]; *Matter of Sadowski,* 21 AD3d at 1035; *Matter of Boyle,* 224 AD2d at 375-376; *Matter of Rad,* 162 Misc 2d 229, 232 [1994]).

The petitioner's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly denied the petitioner's motion and issued permanent letters of administration to the Public Administrator. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.