*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 7, 2016                    520542
_____

In the Matter of the Estate of
    PETER T. BROWN, Deceased.

JANET BROWN-CASTRO, as
    Coadministrator of the
    Estate of PETER T. BROWN,
    Deceased,
                        Petitioner;              MEMORANDUM AND ORDER

ZAN HEATH, as Coadministrator
    of the Estate of PETER T.
    BROWN, Deceased,
                        Appellant.
_____

Calendar Date: February 16, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Gallagher Law Office, Binghamton (Brian R. Gallagher of
counsel), for appellant.

_____

Clark, J.

        Appeal from an order of the Surrogate's Court of Broome
County (Guy, S.), entered July 16, 2014, which, in a proceeding
pursuant to SCPA 711 and 719, granted petitioner's motion for
summary judgment and revoked respondent's letters of
administration.

        Peter T. Brown (hereinafter decedent) died intestate on
April 22, 2013 and was survived by petitioner, his daughter and
sole distributee. Although petitioner had priority to serve as
administrator of decedent's estate (see SCPA 1001 [1] [b]), she

and respondent – decedent's domestic partner – jointly sought letters of administration, which Surrogate's Court (Smith, S.) issued in June 2013. Thereafter, in March 2014, petitioner commenced this proceeding seeking respondent's removal as the coadministrator of decedent's estate. Respondent joined issue and asserted counterclaims for petitioner's removal as coadministrator of the estate or, alternatively, for a decree of probate of one of the two purported wills executed by decedent and the issuance of letters testamentary. Petitioner responded by letter and asserted that respondent's answer and counterclaims were untimely and, in any event, without merit. Following a conference at which counsel for both parties appeared and rested on their papers, Surrogate's Court dismissed respondent's counterclaims seeking a decree of probate and letters testamentary, converted petitioner's letter response into a motion for summary judgment and, upon such conversion, revoked respondent's letters of administration and issued new letters of administration solely to petitioner. Respondent appeals,[1] and we affirm.

Once issued, Surrogate's Court may revoke letters of administration if there is demonstrated "[f]riction, hostility or antagonism between [the] fiduciary and beneficiaries . . ., but only when such enmity threatens to interfere with the administration of the estate" (Matter of Palma, 40 AD3d 1157, 1158 [2007]; see Matter of Morningstar, 21 AD3d 1285, 1287 [2005]; Matter of Duell, 258 AD2d 382, 382-383 [1999]; see also Matter of Beharrie, 84 AD3d 1227, 1228-1229 [2011]; Matter of Sadowski, 21 AD3d 1034, 1035 [2005]). Here, the parties' submissions separately established a complete breakdown of their relationship and evidenced their inability to cooperate as coadministrators of the estate to such an extent that

---

[1] In his appellate brief, respondent does not challenge the determination of Surrogate's Court to treat petitioner's letter response as a motion for summary judgment. Accordingly, any issue with respect thereto is deemed abandoned (see Miller v Genoa AG Ctr., Inc., 124 AD3d 1113, 1114 n [2015]; Matter of Fairbairn, 9 AD3d 579, 580 n [2004], lv denied 3 NY3d 612 [2004]).

petitioner's interests as a distributee and the proper administration of the estate were threatened. As to the parties' respective motions for removal of the other as administrator, the record established that only petitioner had a statutory right to serve as administrator (see SCPA 1001 [1] [b]), that respondent was permitted to serve as an administrator only with petitioner's consent (see SCPA 1001 [6]) and that solely petitioner's interests were at stake in this administration proceeding. Respondent's conclusory allegations of misconduct and unfitness on the part of petitioner were insufficient to establish that she was ineligible or unqualified to serve as administrator of the estate or raise a genuine issue of material fact as to that matter (see SCPA 707 [1]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Furthermore, while respondent asserted that he had an interest in decedent's estate by virtue of an agreement that he entered into with petitioner, the writings he submitted to substantiate his claim — namely, a memorandum and a letter written by the attorney for decedent's estate — did not satisfy the statute of frauds as neither bore petitioner's signature and they did little more than suggest an on-going negotiation between respondent and petitioner regarding distribution of the estate (see Scheck v Francis, 26 NY2d 466, 469-470 [2007]; Bennett v First Natl. Bank of Glens Falls, 146 AD2d 882, 884 [1989]; compare Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 56-57 [1953]). Accordingly, we decline to disturb the determination of Surrogate's Court to revoke respondent's letters of administration and issue them solely to petitioner (see Matter of Palma, 40 AD3d at 1159; Matter of Duell, 258 AD2d at 382-383).

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court