| Matter of Knapp |
|:---:|
| 2025 NY Slip Op 34089(U) |
| October 30, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2019-2020 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

Probate Proceeding, Will of

    ALICIA KNAPP,
    a/k/a ALICIA CASTRUCCI-KNAPP,

             Deceased.

------------------------------------------------------------------x

**ENTERED**

OCT 3 0 2025

DATA ENTRY DEPT
New York County Surrogate's Court

DECISION

File No.: 2019-2020

M E L L A, S.:

    The court considered the following submissions in deciding this motion for summary judgment:

| Papers considered | Numbered |
|---|---|
| Petitioner's Notice of Motion for Summary Judgment; Affirmation of Alison Arden Besunder, Esq, in Support of Petitioner's Motion, with Exhibits | 1,2 |
| Affirmation of Rossupron Pitagtum in Support of Petitioner's Motion for Summary Judgment | 3 |
| Petitioner's Statement of Undisputed Material Facts; Memorandum of Law in Support of Motion for Summary Judgment | 4,5 |
| Objectant Jessica Phillips's Affirmation in Opposition to Motion for Summary Judgment; Affirmation of A.M. Richardson, Esq, in Opposition to Motion, with Exhibits | 6,7 |
| Objectant Jessica Phillips's Response to Movant's Statement of Facts; Objectant's Counter Statement of Facts | 8,9 |
| Objectant Jessica Phillips's Brief in Opposition to Motion for Summary Judgment | 10 |
| Petitioner's Reply Memorandum of Law in Support of Motion for Summary Judgment | 11 |

    In this contested probate proceeding in the estate of Alicia Knapp (Decedent), the Temporary Administrator, Rossuporn Pitagtum (Proponent) sought summary dismissal (CPLR 3212) of the objections to her appointment as Executor, filed by Jessica Baldwin Phillips

(Phillips or Objectant). At the call of the calendar on May 20, 2025, the court granted the motion and dismissed the objections for the reasons stated below.

Background

Decedent died on September 1, 2018, survived by three first cousins as her distributees. In the propounded instrument, dated January 4, 2017, Decedent left her cooperative apartment to Proponent, whom she nominated as Executor, and directed that her residuary estate be distributed to an inter vivos trust, also established on January 4, 2017 (Trust).[1] Proponent, who was Decedent's caregiver and friend, is also the Trustee of the Trust and the recipient of its remainder upon Decedent's death and after the payment of cash bequests to nine individuals, one of whom is Phillips. Phillips, who is Decedent's cousin twice removed, and therefore not a distributee (*see* EPTL 4-1.1), then filed objections limited to the "issuance of letters testamentary" to Proponent, alleging lack of capacity, fraud, and undue influence (Objections). She did so based upon her status as a beneficiary of Decedent's estate. No other objections were filed.[2] After the court-ordered deadline for discovery had passed, Proponent made the instant motion for summary judgment.

Discussion

A motion for summary judgment may be granted where a movant makes a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact" (*Alvaraz v Prospect Hospital*, 68 NY2d

---

[1] Proponent initially offered a copy of the propounded instrument for probate (SCPA 1407) and sought Letters of Temporary Administration, which issued to her on June 11, 2019. When the original instrument was located, Proponent amended her petition to seek probate of the original.

[2] One distributee, who had waived process and consented to probate, moved to withdraw his consent. The court denied the motion, which decision was affirmed (*Matter of Knapp*, 220 AD3d 529 [1st Dept 2023]).

2

320, 324 [1986]).  A movant's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  If the burden is satisfied, the parties opposing the motion must "lay bare and reveal [their] proofs" and demonstrate that there are material issues of fact "capable of being established [at] a trial" (*DiSabato v Soffes*, 9 AD2d, 297, 301 [1st Dept 1959]).  If there is any doubt as to the existence of a triable issue, the motion must be denied (*Prevost v One City Block LLC*, 155 AD3d 531, 533 [1st Dept 2017]).

As an initial matter, the court addressed the issue of Objectant's standing to file objections.  The court determined that, as a beneficiary who is not a distributee, Objectant had standing to file objections to probate but only as to that portion of the will that nominates Proponent as Executor and to the issuance of Letters Testamentary to her (*see* SCPA 1410; *Matter of Brumer*, 69 AD2d 438 [2d Dept 1979]).  Thus, the court concluded that Objectant could object but only to the extent that the Objections: 1) were grounded on SCPA 709, which allows any person interested in a decedent's estate to file objections to the issuance of letters to "persons about to receive them," and 2) refer to any of the legal objections concerning eligibility to serve set forth in SCPA 707.

With regard to Proponent's request for summary dismissal of Objections, the court determined that Proponent made out a prima facie case of entitlement to judgment as a matter of law on Objectant's claim that Proponent is ineligible to serve as fiduciary.  Specifically, Proponent established that she is not an infant, that she has not been found to be incompetent, and that she is not a non-domiciliary noncitizen (*see* SCPA 707[1]).  Through her affirmation, Proponent also established that she is able to read and write the English language, has never been

3

convicted of a felony, and does not possess any of the disqualification grounds described in SCPA 707(1)(d).

In opposition, Objectant failed to raise any triable issue of fact as to Proponent's fitness to serve and her eligibility to receive letters pursuant to SCPA 707. The court found without merit Objectant's contention that Proponent has acted "dishonestly" and therefore was disqualified to serve as fiduciary. In order to defeat Proponent's motion, Phillips was required to raise an issue of fact concerning Proponent's dishonesty by making a "strong showing that Petitioner has committed improper acts related to money matters" (*Matter of Fink*, NYLJ, Apr. 11, 2012, at 17, col 1 [Sur Ct, Bronx County], citing *Matter of Flood*, 236 NY 408, 411 [1923]; *Matter of Latham*, 145 App Div 849, 854 [1st Dept 1911]). That is the case because dishonesty, as contemplated by SCPA 707(1)(d), refers to dishonesty in financial matters, and the party claiming dishonesty as a basis for disqualification must establish "a reasonable apprehension . . . that the funds of the estate would not be safe in the hands of the executor" (*Matter of Gottlieb*, 75 AD3d 99, 107 [1st Dept 2010]). In her opposition papers, however, Objectant failed to demonstrate through probative and admissible evidence the existence of a material question of fact necessitating a hearing on Proponent's eligibility to receive letters testamentary based on dishonesty. Specifically, Objectant failed to identify any dishonest act by Proponent and her "proof" consisted of conclusory allegations, conjecture and speculation, which, even if taken together, would provide an insufficient basis for the denial of Proponent's motion or her application for Letters Testamentary.

Finally, the court rejected Objectant's assertion that Proponent failed to comply with her discovery demands. Even if Objectant were correct, the failure to comply with discovery demands, would not raise an issue of fact as to Proponent's qualification to serve as

4

fiduciary. Moreover, Objectant does not dispute the following: 1) she never noticed the deposition of Proponent, 2) never requested a conference with the court to resolve issues concerning her post-objection discovery demands and interrogatories, 3) never sought an extension of any of the discovery deadlines imposed in the court's post-objection discovery order, 4) never filed a motion to compel the production of documents pursuant to CPLR 3124, and 5) never properly filed a motion to strike the note of issue. Nor did she state in her opposition papers that she required additional discovery, pursuant to CPLR 3212(f), in order to oppose the motion.

When faced with a challenge to the appointment of a nominated executor, the court must afford great weight to the choice made by the testator, which selection "is not lightly to be disregarded" (*Matter of Gottlieb*, 75 AD3d at 106-107). As it is well established, "the testator still enjoys the right to determine who is most suitable among those legally qualified to settle [her] affairs and execute [her] will" (*Matter of Leland*, 219 NY 387, 393 [1916]), and courts should not refuse to appoint the testator's chosen fiduciary unless the proof demonstrates "unworthiness for the responsibilities to be undertaken" (*Matter of Gottlieb*, 75 AD3d at 107). Here, the court concluded that Objectant failed to establish the existence of a statutory ground for disqualification and did not offer any basis, grounded on the law, to allow the court to overrule Decedent's choice of Proponent as her fiduciary (*Matter of Marsh*, 179 AD2d 578, 580 [1st Dept 1992]).

For all these reasons, the court granted Proponent's motion and dismissed the Objections. The court having satisfied itself as to the validity of the propounded instrument (*see* EPTL 3-2.1; SCPA 1408), the propounded instrument, dated January 4, 2017, shall be admitted to probate.

5

[* 5]

Proponent shall settle a probate decree, including a provision to fix the compensation of counsel to the Public Administrator.

The Clerk of the Court is directed to email a copy of this decision to the attorneys listed below.

Dated: October 30, 2025

_____
S U R R O G A T E

TO:

Alison Besunder, Esq.
Stephanie L. Goldstein, Esq.
Goetz Platzer LLP
One Penn Plaza, Suite 3100
New York, NY 10119
abesunder@goetzplatzer.com
sgoldstein@goetzplatzer.com

Ambrose Madison Richardson, III
A.M. Richardson, III, LLC
40 Wall Street, 35th Floor
New York, NY 10005
arichardson@amr3l1c.com

Robert Culver, Esq.
Opell Law P.C.
11 Park Place, Suite 1008
New York, NY 10007
rculver@opelllaw.com

[* 6]