Matter of Kosier
2026 NY Slip Op 03491
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Estate of John E. Kosier, Deceased. June Kosier, Respondent; Andrea Kosier, Appellant. (Proceeding No. 1.)
In the Matter of the Estate of John E. Kosier, Deceased. Andrea Kosier, Appellant; June Kosier, Respondent. (Proceeding No. 2.)

Decided and Entered:June 4, 2026
CV-25-0372
Calendar Date: April 30, 2026
Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

Nixon Peabody LLP, New York City (Hannah Holden of counsel), for appellant.
The Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from an order of the Surrogate's Court of Rensselaer County (Paul Morgan Jr., S.), entered January 7, 2025, which, among other things, in proceeding No. 1 pursuant to SCPA 1001, granted June Kosier's motion for summary judgment and issued letters of administration to her.
John E. Kosier (hereinafter the decedent) died in October 2023, survived by his spouse, June Kosier (hereinafter the wife), and their daughter, Andrea Kosier (hereinafter the daughter). Following the decedent's death, the wife and the daughter filed competing petitions in Surrogate's Court seeking letters of administration. After each party answered the other's petition, the wife moved for summary judgment granting her petition for letters of administration as the surviving spouse and dismissing the daughter's petition. The daughter opposed the wife's motion, asserting, among other things, that the wife was ineligible to serve as administrator pursuant to SCPA 707. By order entered January 7, 2025, Surrogate's Court granted the wife's motion, issued letters of administration to the wife and dismissed the daughter's petition, finding that the decedent's surviving spouse was entitled to letters of administration pursuant to SCPA 1001 and that the daughter's affidavit in opposition was insufficient to disqualify the wife. The daughter appeals.
The daughter contends that Surrogate's Court erred in granting summary judgment to the wife and issuing letters of administration to her without a hearing, citing triable issues of fact about the wife's eligibility to serve as administrator due to dishonesty, improvidence and unfitness. The record reflects that the decedent and the wife were married from 1973 until his death. Prior to his death, the decedent, the wife and the daughter lived together at the same residence. In her motion, the wife relied on her presumptive statutory priority as the decedent's surviving spouse pursuant to SCPA 1001 and asserted that nothing in the record established her disqualification or raised a triable issue of fact regarding her eligibility to serve as administrator. She also cited a limited order of protection against the daughter, issued for her benefit. In opposition, the daughter alleged in her affidavit that the wife was disqualified from serving as administrator pursuant to SCPA 707. Specifically, the daughter averred that the decedent executed a will dated September 11, 2023 and that the wife stole or destroyed it, along with other papers, including documents appointing the daughter as the decedent's power of attorney and health care agent in 2015. More importantly for purposes of this appeal, the daughter further averred that the wife removed estate property from the decedent's residence after his death as corroborated by photographs purportedly depicting several such items. She also asserted that the wife engaged in previous financial misconduct in the administration of another family member's estate, misrepresented herself as sole beneficiary [*2]and failed to administer that estate in accordance with the governing will. The daughter alleged that the wife is financially irresponsible, as evidenced by a bankruptcy filing and substantial credit card debt. She claimed the parties' acrimonious relationship intensified after the decedent's death and culminated in a family offense petition and the issuance of a temporary order of protection against her. In short, the daughter submitted evidentiary allegations of improvidence, dishonesty and hostility.
"When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Lubrano-Birken v Ellis Hosp., 229 AD3d 873, 875 [3d Dept 2024] [internal quotation marks and citations omitted]). SCPA 1001 establishes priority for granting letters of administration with a decedent's surviving spouse having priority over his child (see Machado v Gulf Oil, L.P., 195 AD3d 26, 32 [1st Dept 2021]; Matter of Pilapil, 172 AD3d 1073, 1074-1075 [2d Dept 2019]). That presumptive priority is subject to SCPA 707 (1) (see Matter of Salvan, 132 AD2d 662, 664 [2d Dept 1987]), which renders a person ineligible to receive letters where, among other things, he or she is dishonest, improvident or otherwise unfit for the execution of the office (see Matter of Bolen, 166 AD3d 1367, 1368 [3d Dept 2018]; Matter of Gottlieb, 75 AD3d 99, 106 [1st Dept 2010], lvs denied 16 NY3d 706 [2011], 15 NY3d 706 [2011]; Matter of Shephard, 249 AD2d 748, 749 [3d Dept 1998]). "The dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the [fiduciary]" (Matter of Gottlieb, 75 AD3d at 107 [internal quotation marks and citation omitted]). "[I]n order for a nominated fiduciary's improvidence to preclude his [or her] appointment, it must be demonstrated that his [or her] habits of mind and conduct have become such a part of his [or her] character as to render him [or her] generally, and under all ordinary circumstances, unfit for the trust or employment in question" (id. [internal quotation marks and citations omitted]). Improvidence can also refer to "actions that would likely render the estate unsafe and subject to being lost or diminished and may be based on misappropriation or mishandling of estate property" (2 Warren's Heaton on Surrogate's Court Practice § 33.02 [6] [c] [7th ed, 2026]). In determining whether a person is disqualified, the inquiry is whether the alleged conduct bears on the person's ability to properly administer the estate (see Matter of Kopko, 31 AD3d 639, 640 [2d Dept 2006]). Although hostility between the fiduciary and beneficiaries standing alone is insufficient to warrant disqualification, it may be considered if it jeopardizes the interests [*3]of the beneficiaries or interferes with the administration of the estate (see Matter of Brown, 138 AD3d 1191, 1192 [3d Dept 2018]; Matter of Beharrie, 84 AD3d 1227, 1229 [2d Dept 2011]; Matter of Palma, 40 AD3d 1157, 1158 [3d Dept 2007]). Surrogate's Court must conduct a hearing when the enmity between the parties threatens to interfere with estate administration (see Matter of Palma, 40 AD3d at 1158-1159) or "the allegations of fiduciary misconduct and malfeasance [are] sharply disputed" (Matter of Bolen, 166 AD3d at 1370; see Matter of Piterniak, 16 AD3d 513, 514 [2d Dept 2005]; Matter of Salvan, 132 AD2d at 664; Matter of De Belardino, 47 AD2d 589, 589 [4th Dept 1975]). However, where "the party in opposition has not provided any facts for declaring [a fiduciary] ineligible under SCPA 707 . . . , no hearing is authorized" (Matter of Marsh, 179 AD2d 578, 580 [1st Dept 1992]; see Matter of Gottlieb, 75 AD3d at 106).
Applying these principles, the wife, as the surviving spouse of the decedent, established prima facie entitlement to letters of administration pursuant to SCPA 1001. However, the daughter's opposition papers raised triable issues of fact about the wife's eligibility to serve as administrator. Her averments that the wife stole or destroyed a purported will of the decedent, neglected to pay the decedent's bills, discarded estate property and engaged in misconduct in the administration of another estate, if credited, may constitute dishonesty or improvidence within the meaning of SCPA 707 (1). Finally, the considerable hostility between the parties, which led to an order of protection and other court proceedings, is undisputed. Viewing the evidence in the light most favorable to the daughter, and mindful that Surrogate's Court is limited at this stage to identifying triable issues of fact, not resolving credibility or weighing the evidence, the daughter's submissions were sufficient to create a factual dispute that required a hearing before determining the wife's motion (compare Matter of Brown, 138 AD3d at 1193; Matter of Kopko, 31 AD3d at 640). Accordingly, Surrogate's Court erred in granting the wife's motion for summary judgment granting her letters of administration and dismissing the daughter's competing petition without first conducting a hearing to determine whether the wife is disqualified pursuant to SCPA 707.
Pritzker, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.